THOMAS GUNN *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—APRIL 13, 1904.

PRESENT: Stiness, C. J., Dubois and Blodgett, JJ.

(1) *New Trial. Verdict against Evidence.*

It has been the long-established practice of the court in this State to grant a new trial, where there is a strong preponderance of testimony against the verdict; and where such is and evidently must be again the case, as the plaintiff does not show that he is entitled to the verdict of a jury, the power of the court to enter judgment for the defendant is properly exercised.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial, and judgment entered for defendant.

STINESS, C. J. The testimony of the plaintiff is that he was standing beside a coal-cart, between it and the track, when a car of the defendant came along, without warning, from behind, knocking him down and running over his leg.

His statement in this respect is not sustained by any other witness. Opposed to it is the testimony of Sullivan, his fellow-workman and driver of the coal-cart, whom the plaintiff was assisting in raising the body of the cart to discharge coal. Sullivan was called by the plaintiff at a previous trial, and, having since died, the report of his testimony was put in by agreement at this last trial by the defendant. It was to the effect that the plaintiff stepped back from behind the horses, just as the car came along; that he had gone only to a point between the forward and hind wheels when he was hit by the car, which was not coming fast. All the other witnesses who saw the accident confirm this statement. Mrs. Bridgeford testified that the plaintiff "appeared suddenly" and the car struck him; O'Connor, that the man "stepped out, sort of backwards," and "just then the car hit him;" Dow, that he "saw a man step down in front of the car" when "the car was close upon him;" Arnold, the motorman, whose deposition was put in by the plaintiff, that the "man stepped out" when the car was only four or five feet away and was hit by the dasher.

Mrs. Harris, a witness for the plaintiff at this last trial, testified that she saw the cart and also saw the car coming rapidly, but she did not notice Sullivan or the plaintiff. Her testimony, therefore, does not corroborate the plaintiff's statement that he was standing beside the cart, in plain sight of the approaching car.

(1) . The testimony, therefore, presents a clear and strong preponderance against the plaintiff's claim. As stated in this case in 22 R. I. 579: "Either he was standing in plain sight, as he swore, or else he stepped out suddenly, with his back to the car; and he says he was struck in the back, so that the accident was inevitable if the car was moving at all."

It was shown in that opinion to be the long-established practice of this court to grant new trials when there is a strong preponderance of testimony against the verdict.

Prior to the judiciary act in 1893, the statute provided only for a new trial, except that on a bill of exceptions the court had power to enter judgment and to take such order in

the case as should have been taken in the lower court; also to "cause such other proceedings to be had in the cause as to law and justice shall appertain."

This power was exercised in *Hamilton* v. *Colt,* 14 R. I. 209; *Gorton* v. *Potter,* 16 R. I. 493; *Wright* v. *Card,* 16 R. I. 719; *Myette* v. *Gross,* 18 R. I. 729.

The judiciary act extended this power to petitions for new trials, and the court has acted under it in *Lashua* v. *Markham,* 21 R. I. 492; *Taft* v. *Ballou,* 23 R. I. 213; *Barker* v. *Lane,* 23 R. I. 224; *Ennis* v. *Little,* 25 R. I. 342.

In *Barker* v. *Lane* the court said that the plaintiff, after a long time and several trials, must be presumed to have presented all the evidence available in her behalf, and that the interests of justice would not be subserved by prolonging litigation. "*Interest republicae ut sit finis litium.*"

We think that the reasons there stated are sound. Defendants have rights as well as plaintiffs, and a defendant ought not to be vexed with repeated trials when the clear and strong preponderance of the testimony is, and evidently again must be, adverse to the plaintiff. In such cases a plaintiff does not show a case in which he is entitled to the verdict of a jury. Of course, the power should be cautiously used; and it has been sparingly exercised by this court, in comparison with the large number of petitions for new trial before it. It is, nevertheless, a just and proper power in cases of unsubstantiated and vexatious prosecution.

For these reasons the court is of opinion that the case should be remitted to the Common Pleas Division, with direction to enter judgment for the defendant.

*Charles E. Gorman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, and Lefferts S. Hoffman,* for defendant.