## 10035

### SCHEIN v. EPSTIN.

(96 S. E. 905.)

1. NEW TRIAL—SETTING VERDICT ASIDE.—While the trial Judge may set aside the verdict and order a new trial, he cannot render a decree which practically sets aside the verdict and deny a new trial.

2. COSTS — APPEAL — VIOLATION OF COURT RULES. — A party violating Court rules for preparation of appeal record may be refused his costs.

Before PEURIFOY, J., Beaufort, Summer term, 1917. Reversed and a new trial granted.

Action by Annie Schein against P. M. Epstin. Judgment for plaintiff, and both plaintiff and defendant appeal.

Statement of facts: This is an action for damages for certain alleged trespasses and for an injunction restraining further trespasses. The plaintiff alleged that he was owner and in possession of a certain lot. The answer denied cer-

28—110.

tain allegations of the complaint and set up ownership by the defendant of a portion of the land claimed by plaintiff. The defendant also claimed damages.

The case was tried by Judge Peurifoy, and a jury. The jury found a verdict for plaintiff for the land in dispute. On motion of defendant's counsel to set aside the verdict, Judge Peurifoy made the decree appealed from.

*Messrs. J. W. Vincent, George Warren* and *C. B. Searson,* for appellant, submit: *That the Judge had no power over the verdict of the jury except to set it aside or to make an order carrying it into effect:* 60. S. C. 559; 39 S. E. 188; 42 S. C. 92; 19 S. E. 1009; Code of Procedure, sec. 312, act 1890. *If no other use and occupancy had been shown than the overhanging eaves, this would have been sufficient to prevent the defendant from interfering with said eaves or in building her wall on any of the ground directly beneath said eaves:* 186 N. Y. 486; 11 L. R. A. (U. S.) 920.

*Messrs. Talbird & Jenkins,* for respondent, submit: *That this being an equity case, the Judge had a perfect right, and it was his duty to render a decree in accordance with the evidence in the case and the law—he could disregard the verdict of the jury:* 6 S. C. 209; Code of Procedure, section 277 (now 313). *The owner of the surface of the land owns to the sky, and has the right to remove anything that overhangs his land, as an obstruction, no matter how long it might have been there:* 75 Conn. 662; 11 L. R. A. (N. S.) 918 (note); 6 Hun. 326; 11 L. R. A. (N. S.) 918, note.

June 17, 1918.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

This is an action for trespass upon the land of the plaintiff. The defendant set up title to the land in dispute. The cause was tried before a jury, and the jury found for the

plaintiff the land in dispute. The trial Judge disregarded the verdict of the jury and filed a decree in favor of the defendant.

1. The action was an action at law, and the Judge had no right to give a judgment contrary to the finding of the jury. The decree practically sets aside the verdict of the jury, and that much his Honor had the right to do. Having set aside the verdict, a new trial followed, as a matter of course, as the only thing that could have been done.

The judgment is reversed, and a new trial ordered.

2. The preparation of the case has been made in violation of the rule of this Court, in that no effort has been made to reduce the testimony to narrative form, and no costs are allowed to either side.