## SLATER v BROWN

Ohio Appeals, 9th Dist, Summit Co

No 2026. Decided Feb 1, 1932

William A. Slater, In Propria Persona.
E. G. Hammond, Akron, for defendant in error.

FUNK, J.

Division 3 of title 4 of the General Code, consisting of five chapters, provides for the trial of cases and the manner of applying for a new trial.

Sec 11377 GC, which is in chapter 1 of said division 3, says that "Issues arise on the pleadings where a fact, or conclusion of law, is maintained by one party and controverted by the other."

Sec 11378 GC, in that same chapter, says that "An issue of fact arises: 1. Upon a material allegation in the petition denied by the answer."

Chapter 5 of said division 3 provides how a new trial may be applied for. §11575, of said chapter 5, defines a new trial to be "a re-examination, in the same court, of an issue of fact."

Sec 11576, in said chapter, provides for what causes a new trial may be granted.

Sec 11578, of said chapter, provides when the application for new trial must be made, which must be at the same term, except for newly discovered evidence, and within three days after the verdict or decision is rendered, unless unavoidably prevented.

Sec 11579, of said chapter, provides that such "application must be made by motion, upon written grounds, filed at the time of making the motion."

Sec 11564, which is in chapter 4 of said division 3, provides that a bill of exceptions must be filed "not later than forty days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed."

It is apparent, from these sections in said division 3 of title 4 of the Code, that the motion for new trial as therein provided has reference to an issue of fact arising upon pleadings, as distinguished from an issue of fact arising upon a motion or affidavit or otherwise than upon pleadings.

There is no statutory provision in Ohio fixing the manner or mode by which a party may make application for vacating a judgment during the term at which it was rendered, other than by motion for new trial, which, as before stated, must be in writing and filed within three days after the verdict or decision is rendered, as provided in said chapter 5 of said division 3 of the General Code. However, it is well settled that the Common Pleas Court has inherent power to vacate or suspend a judgment during term, for good cause shown; that a cause for vacating a judgment after term, while not exclusive, would be a good cause for vacating a judgment during the term at which it was rendered; that application may be made for such vacation after the three days after the judgment is rendered, and otherwise than by motion for new trial; and that the generally accepted and approved manner of applying for the vacation of a judgment during the term at which it was entered, other than by motion for new trial, is by motion, in which the grounds claimed for such vacation should be succinctly stated, accompanied by an appropriate brief giving the authorities or argument, or both, supporting such motion.

Again, while the proceedings provided in chapter 6 of division 4 of title 4 of the General Code, for vacating a judgment after the term, have no application to a proceeding for vacating a judgment during the term at which it was rendered, yet if the party applying for the vacation of a judgment during the term does follow the forms and procedure for vacating a judgment after the term, we can see no harm or objection in so doing. However, when the proceeding for vacating a judgment after the term are followed in an application to vacate a judgment at the same term, it should be treated and considered the same as if it were a motion, as the provisions and procedure for vacating a judgment after the term are not required to be followed in a proceeding to vacate a judgment during the term at which it was rendered.

In the instant case, the plaintiff filed an answer to the petition of the defendant asking for a vacation of the judgment, which, while it did no harm, was unnecessary and added nothing to the objection to the vacation of the judgment. Hence, the application for the vacation of the judgment in the instant case, having been made at the same term at which it was rendered, must be considered the same as if it were a motion to vacate said judgment.

There being no statutory provision fixing the manner of making application to vacate a judgment during the term other than by motion for new trial, and it being settled that application may be made during the term at which it was rendered other than by motion for new trial, there is, of course, no statutory provision for filing a motion for new trial in a proceeding to vacate a judgment during the term at which it was entered.

It follows that if a motion for new trial is not necessary, it is, in event it is filed, a mere nullity, and the situation is the same as where no motion for a new trial is in fact filed, and is thus governed by that rule (§11564 GC) which requires the bill of exceptions to be filed not later than 40 days after the decision of the court is entered.

Furthermore, it will be noted that, where the order of the Court of Common Pleas upon a motion to vacate a judgment entered at the same term at which the motion was filed is reversed by the reviewing court, the case does not go back for a new trial on that question, as it does on motion for new trial where there had been a trial upon issues of fact set forth in pleadings as provided in division 3 of title 4 of the General Code, hereinbefore referred to, but that the reviewing court remands the case to the Court of Common Pleas, directing such court to enter the judgment that the reviewing court holds should have been entered and for further proceedings according to law.

We are therefore clearly of the opinion that a motion for new trial is not necessary to review a decision of the Common Pleas Court on a motion to vacate a judgment during term, and that the time of filing a bill of exceptions for reviewing such decision is not later than 40 days after the decision of the court is entered.

This position is sustained in the following cases:

Acomb v. Clark, 9 C. D. 395, 16 C. C. 662.

Stone v. Bank, 8 C. C. 636.

Thomas v. Mangus, 2 C. C. (N. S.) 554.

Cecil v. Grant, 6 C. C. (N. S.) 65.

**Minnear v. Holloway, 56 Oh St 148,** at pp. 153 and 154.

The motion to strike the bill of exceptions from the files is sustained.

There being thus no record before us to show upon what evidence the court based its decision, it is presumed that the court

had evidence before it to sustain the decision. The order vacating the original judgment must therefore be affirmed.

PARDEE, PJ and WASHBURN, J, concur.