FAIRBANKS, MORSE & CO. *v.* HILL ET AL.

(Decided October 22, 1934.)

*Messrs. Bulkley, Hauxhurst, Inglis & Sharp,* for plaintiff in error.

*Messrs. Hart & McHenry* and *Mr. Charles N. Hostetter,* for G. A. Hill.

MONTGOMERY, J.   The defendant in error, G. A. Hill, plaintiff below, brought an action in the Common Pleas Court of Stark county against Fairbanks, Morse & Company, and other defendants, the village of Brewster and certain of its officials, to enjoin the performance of a contract theretofore entered into, under the provisions of which Fairbanks, Morse & Company had agreed to sell to the village of Brewster generating equipment for a municipal electric light plant. The action was brought by Hill, as a taxpayer, by virtue of the provisions of Section 4314, General Code.

On appeal to this court a decree was rendered for Hill, granting a permanent injunction against the performance of the contract, and the case having been admitted on motion to the Supreme Court the judgment of this court was there affirmed, and a subsequent application for rehearing was there denied.

Thereupon Hill filed a motion in the Common Pleas Court for the allowance of fees and expenses as a part

of the costs. The motion was sustained, and a judgment for costs was there rendered against both the village of Brewster and Fairbanks, Morse & Company, which included an allowance of $1,750, as fees, and an allowance of $185.36, as expenditures for the attorneys who represented Hill. The village has paid one-half of the judgment. Fairbanks, Morse & Company prosecutes error to this court from the allowance against it of attorney fees and expenditures. It does not question the amount allowed, nor does it question the judgment for the remainder of the costs.

A motion is interposed by defendant in error, G. A. Hill, to strike from the files the petition in error on the ground that no motion for a new trial was filed in the court below. A new trial is thus defined by Section 11575, General Code:

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision by the court."

As we understand it, a motion for a new trial is necessary only when disputed questions of fact are to be reviewed, or the weight of the evidence is questioned. Such motion is not necessary when the question to be reviewed appears in the transcript and the pleadings without any bill of exceptions. In the instant case no issue of fact is raised. The proposition is a legal one. The pleadings and the transcript advise the court thoroughly as to the matter in issue. The motion to dismiss is overruled.

The allowance of fees in a taxpayer's suit such as this is controlled by Section 4316, General Code, which reads as follows:

"If the court hearing such case is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity and justice of the case demand. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in

his favor, he may be allowed as part of the costs a reasonable compensation for his attorney.''

Judgment having been finally ordered for Hill, the allowance of fees unquestionably could be made against the village, and none of the parties question the reasonableness of the amount. Can such an allowance be made against the other party to the contract which was enjoined?

As an abstract proposition there is merit in the affirmative of the question. Here is an instance of a corporation inviegling the authorities of a village into entering into a contract, unconstitutional, against public policy, and involving the illegal expenditure of village funds. The corporation assumes charge of the defense, carries the case even to the court of last resort, and even to the extent of requesting a rehearing; involves the village in heavy obligations and then seeks to force the village to stand the brunt of it alone. This is a typical instance of municipalities suffering from the successful persuasion of so-called high-powered salesmen.

But the situation cannot be remedied unless it be by a statute constitutional and explicit in its terms. The allowance of fees against an adverse party is in derogation of rules of practice under the common law, and a statute authorizing such a different rule must be construed strictly.

It seems to us that the intent of the framers of this legislation was to safeguard the taxpayers of a municipality from corruption, or from laxity on the part of its officials. Such an action as this, brought for the benefit of the municipality, may well imply an obligation on the part of the municipality to pay the fees and expenses incurred by the individual taxpayer who takes upon himself the burden which the duly constituted officials should have assumed. With a sense of such an obligation on the part of a municipality, this statute was undoubtedly passed.

Hill in this action, in fact, appeared on behalf of, and in the interest of, the citizens of the village of Brewster. He did not in any sense represent Fairbanks, Morse & Company. To it he was in every sense adverse. We know of no authority for taxing fees against such an adverse party. This statute certainly does not give such authority.

The judgment of the Common Pleas Court is reversed, in so far as it rendered judgment against Fairbanks, Morse & Company for any fees or expenditures by Hill, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and LEMERT, J., concur.