For full opinion see 2 OO 123; 194 NE 604; 48 Oh Ap 536.

### BREIDING, Rec, Etc v BUTLER

Ohio Appeals, 9th Dist, Summit Co

No 2393. Decided Feb 8, 1935

Amer, Sophrin & Cunningham, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

## OPINION

By FUNK, J.

It must be borne in mind that it is a recognized rule that a ground to vacate a judgment after the term is a good ground to vacate a judgment on a motion fled during the term.

**Slater v Brown, 43 Oh Ap 497, at pp. 500-501 (11 Abs 405).**

However, it will be noted that the only ground claimed, in the motion filed after the term, upon which the judgment was sought to be vacated and set aside, that was not claimed in the motion filed during the term, was "irregularity in obtaining such judgment," and that an application to vacate and set aside a judgment upon that ground is properly made by motion under the provisions of §11634 GC.

Furthermore, the journal entry ordering the judgment set aside and suspended and permitting the answer to be filed, does not show whether the court made its order suspending the judgment upon the motion filed during the term, upon the motion filed after the term, or upon both motions as one motion filed during the term, nor does it show upon what ground the judgment was suspended and set aside; it shows only that the "application of the defendant" for an order to set aside and suspend said judgment came on to be heard upon "such application," the affidavit filed therewith, the answer tendered by defendant, and the statements of counsel, and that "the court finds and determines that such judgment should be and it is set aside and suspended, and the defendant is permitted to file herein the answer tendered by her"; and as no bill of exceptions was filed, there is no showing as to what the statements of counsel were, or as to what evidence the court had before it.

Moreover, the journal entry is not in the language that should be used in vacating a judgment after the term at which it was rendered, which may be some indication that the court considered said motions as having been filed during the term at which said judgment was rendered; but even if it could be said that the court should have considered said motion as filed after said term, it is a well recognized rule that an order vacating a judgment entered at a previous term will be presumed, in the absence of a showing to the contrary, to have been made upon sufficient grounds; so that whether the court set aside said judgment upon said two motions as a single motion filed during the term of court at which the judgment was entered, or only upon said motion filed after said term, and whether said motion filed after said term could be considered as supplemental to and a part of the motion filed during said term or whether it would have to be considered as a separate motion filed after said term, is immaterial.

We therefore find that the court did not err in setting aside and suspending said judgment.

Second, counsel for plaintiff claim that the court erred in admitting in evidence, over plaintiff's objection, the ledger account of plaintiff with defendant's joint obligor (Frank Butler, now deceased), and certain sheets from the part designated "cash book" of the book from which the ledger account offered by the defendant was also taken.

We have examined all the cases on this question cited by counsel for plaintiff, and they are no doubt good law under the facts of the respective cases. However, it will be observed that the book account offered or admitted in evidence in each of the cases cited was the book account of the party making the note or the party seeking to benefit thereby, and not the book account of the opposing party, as in the instant case, except in the case of **Stillwater Turnpike Co. v Coover, 25 Oh St 558**, in which case the plaintiff, Coover, offered in evidence, and the court admitted, a part of the minutes of a certain meeting of the defendant company, on the theory that it was an admission against interest.

The Supreme Court held, in said Coover case, that said part of said minutes was properly admitted and that the court properly permitted the defendant to offer the remaining part of said minutes, so that the minutes could be considered as a whole, and that defendant was entitled to have the court properly instruct the jury concerning said minutes as a whole.

It being admitted in open court by counsel for plaintiff that the ledger account admitted in evidence in the instant case is in the handwriting of the secretary and treasurer of the company for which this suit was brought by its receiver, it would seem apparent that said Coover case does not support the position of plaintiff in the instant case, but on the contrary supports the contention of the defendant.

While in the instant case the defendant offered the books of the plaintiff, the underlying principle is the same, to-wit, that the book or record of the opposing party may, under proper circumstances and proper identification, be admitted in evidence as a declaration against interest.

Under this holding and the evidence in this case, we find no merit in the other claimed errors concerning whether or not the note and certain cash items may be the subject of a book account.

Finding no error prejudicial to plaintiff, the judgment is affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.