**PRICE v SNYDER et**

Ohio Appeals, 3rd Dist, Crawford Co

No 1340. Decided March 18, 1935

A. S. Leuthold, Bucyrus, and Charles Gallagher, Bucyrus, for plaintiff in error.

Arden W. Wisman, Bucyrus, and B. J. Cattey, Crestline, for defendants in error.

**OPINION**

By KLINGER, PJ.

This action is one for damages because of said unlawful imprisonment. In other words, this is a suit based on a charge of false imprisonment.

It is conceded that if the justice of the peace had jurisdiction and authority to make and enter his findings after the day when the preliminary examination was completed, then the plaintiff Price cannot recover.

The trial court held that the justice of the peace "did not lose jurisdiction by taking the case under advisement or con-

sideration from December 27th, 1932, to January 3, 1933" and for that reason found in favor of the defendant.

It is also conceded "if the justice of the peace had lost jurisdiction for the reasons heretofore stated, he had no authority to issue said mittimus, and some damage was sustained by the plaintiff."

The only section of the statute cited by the plaintiff is §13513, GC, which reads:

"When prisoner to be discharged.—If upon the entire examination it appears that no offense has been committed or that there is not probable cause for holding the prisoner to answer the offense he shall be discharged."

This section is a part of the criminal procedure of Ohio. The plaintiff claims that under this section the defendant M. V. Snyder, justice of the peace, was bound when the examination was completed, to immediately determine whether or not the prisoner Calvin D. Price, should be restored to his liberty, and that the justice of the peace had no authority or right to delay his findings at all but that he must forthwith upon the conclusion of the evidence or hearing, or at least some time during the same day, make his finding and decision.

This contention was before the court in the case of **Douglass et v State, 16 Oh Ap, page 95,** and there the court held that the provisions of §10378, GC, which required justices of the peace to enter judgment immediately after the close of the trial, have no application to the trial of criminal cases. This court concurs in this opinion.

Sec 13513 GC above referred to, provides no limitation as to the time in which a magistrate is required to render his decision upon such examination, and there being no limitation, the law implies that such decision shall be rendered within a reasonable time. Where a court of limited or inferior powers has acquired jurisdiction, its acts are presumed to have been rightly and honestly done. **17 O. J. 137.**

There is no evidence tending to prove the time which elapsed between the completion of the examination and the rendition of the decision, was unreasonable, and in the absence of such evidence, applying the rule mentioned it will be presumed that the decision was rendered within a reasonable time. And consequently the justice had jurisdiction to make his decision, and

issue the mittimus at the time such act or acts were done.

The finding and judgment of the Court of Common Pleas will therefore be affirmed at costs of plaintiff in error. Exceptions will be saved.

GUERNSEY, J, concurs.

CROW, J, concurring.

I concur in the judgment of affirmance for the reason that the transcript of journal entries and the bill of exceptions show that trial was had on the merits, resulting in a finding and judgment for defendants, notwithstanding the attempt of counsel to narrow the controversy to but one point necessary to a recovery by plaintiff, namely loss of jurisdiction.

That a justice of the peace has a reasonable time after the submission of a complaint, within which to decide the matter, I have no doubt, but whether the lapse of seven days between submission and decision, is a reasonable period, presents the question whether reasonable minds might justifiably reach opposite conclusions, and consequently is a submissible issue.

When the trial court in the instant case decided in favor of defendants, it determined that issue adversely to plaintiff and it is of no importance that it gave in the bill of exceptions or elsewhere, as the reason, that the magistrate had not lost jurisdiction.

It has been many times held in Ohio that a wrong reason for a correct decision, is of no avail in a reviewing court, indeed there is no holding to the contrary.