Did the Court of Common Pleas in the instant case possess the power to enter final judgment after verdict and upon motion for a new trial?
In attempting to answer this rather perplexing question we may not claim the assistance of amended Section 11601, General Code (116 Ohio Laws, 413, effective September 2, 1935), which gives a Common Pleas Court authority to render judgment in favor of the party who, upon the pleadings or evidence, is entitled thereto by law, even though a verdict has been found against such party, and irrespective of whether motion for a directed verdict was made or overruled.
Unlike the Supreme Court or the Courts of Appeals, "the jurisdiction of the courts of common pleas, and of the Judges thereof, shall be fixed by law." Article IV, Section 4, Constitution of Ohio. The powers and authority of the Courts of Common Pleas are therefore largely dependent on legislative action. Allen v. Smith, 84 Ohio St. 283, 95 N.E. 829, Ann. Cas. 1912C, 611.
By virtue of Part Third, Title IV, division III, Chapter 5 of the General Code of Ohio, Section 11576, Courts of Common Pleas are accorded the right to grant new trials.
Section 11575, General Code, insofar as this case is concerned, defines a new trial as "a re-examination, in the same court, of an issue of fact, after a verdict by a jury." And this court has indicated that this signifies a rehearing of the case from the beginning. *Page 438 Dayton Union Rd. Co. v. Dayton Muncie Traction Co., 72 Ohio St. 429,435, 74 N.E. 195, 196.
The statutory definition is in substantial conformity with those generally contained in judicial pronouncements, and there is no reason to believe that it was intended to be a departure from the meaning given the term at common law. There, "new trial" was used in the sense of a complete retrial of a cause on the facts. Zaleski v. Clark, 45 Conn. 397; Dodge, Jr.,Exr., v. Bell, 37 Minn. 382, 34 N.W. 739.
In Pennsylvania, before passage of a special statute, it was held that if a question had been submitted to a jury and the facts found by them, the power of the court to enter a contrary judgment, on the ground that the evidence was insufficient, was gone, and a new trial was the only remedy. Dalmas v. Kemble,215 Pa. 410, 411 and 412, 64 A. 559. In Schaffer v. Spreckes
(Tex.Comm.App.), 62 S.W.2d 85, the view was taken that the only effect of a trial court's action in setting aside a judgment for plaintiff in a jury case and entering judgment for defendant was to grant a new trial, the rendition of judgment for defendant being a nullity. And in Hurley v. Kennally,186 Mo., 225, 85 S.W. 357, the proposition is flatly stated that when a motion for a new trial is sustained, the cause is at issue for trial again, and the court has no authority to enter judgment without another trial.
Numerous holdings, old and new, are of similar effect. Some of them are as follows: Wright and Another v. Hawkens,36 Ind. 264; Baggett v. Savannah, F. W. Ry. Co., 45 Fla. 184,34 So. 564; Phillips v. Granger, 134 Mass. 475;Thomas v. Kansas City Elevated Ry. Co., 76 Kan. 141,90 P. 816; Drewry-Hughes Co. v. Davis, 151 N.C. 295, 66 S.E. 139;Schein v. Epstin, 110 S.C. 433, 96 S.E. 905; WichitaFalls Traction Co. v. Cook, District Judge, 122 Tex. 446,60 S.W.2d 764; Griffith v. Southfield Beach Rd. Co., 240 App. Div. 845,266 N. Y. Supp., 815; Freund v. *Page 439 Telmar Amusement Co., 241 App. Div. 880, 271 N.Y. Supp., 762;Dorman v. Usbe B. L. Assn., 115 N.J. Law, 337, 180 A. 413.
Whatever may be said of the right of a court to reserve ruling on the direction of a verdict and thereafter enter judgment contrary to the verdict (Dougherty v. Salt, 227 N.Y. 200, 125 N.E. 94; Slocum v. New York Life Ins. Co.,228 U.S. 364, 33 S.Ct., 523, 57 L.Ed., 879, Ann. Cas. 1914D, 1029), we are not confronted with that problem in this case.
True, there are cases taking the position that if the court, upon consideration of an application for a new trial, or even where application for new trial has not been made, deems that it erroneously denied a motion for a directed verdict, it may correct such error and enter final judgment accordingly, it will be noted that this practice either rests on statutory sanction, or has been arbitrarily permitted. See W. S. Forbes Co. v. Southern Cotton Oil Co., 130 Va. 245, 108 S.E. 15;Gunn v. Union R. Co., 26 R.I. 112, 58 A. 452; Wyman v.Monolith. Portland Cement Co., 3 Cal.App.2d 540,39 P.2d 510; Barnes v. Noel, 131 Tenn. 131,174 S.W. 276; Bostick v. Thomas, 137 Tenn. 99, 191 S.W. 968;Dowagiac Mfg. Co. v. Schroeder, 108 Wis. 109, 84 N.W. 14;Herndobler v. Rippen, 75 Or. 22, 146 P. 140; Powelson v. Cityof Seattle, 87 Wn. 617, 152 P. 329; Moulton v. Staats,83 Utah 197, 27 P.2d 455.
In the absence of statute, the general rule still is that when a court finds cause for setting aside a verdict, the ordering of a new trial is the proper procedure to the exclusion of any other action. 46 Corpus Juris, 438, Section 514.
We now turn to an examination of the General Code of Ohio to see if it contained any definite or adequate authorization for the Court of Common Pleas in the present case to enter judgment contra the verdict, as was attempted. Section 11599 et seq., General Code, *Page 440 
did not warrant it; Section 12272 (now Section 12223-38), General Code, does not fit, and further search has proved unfruitful.
Therefore, a majority of this court, while recognizing the advantages of such practice, is of the opinion that prior to the amendment of Section 11601, General Code, a Court of Common Pleas was without power or authority to enter final judgment in opposition to a verdict, upon consideration of motion for a now trial.
This matter is instructively discussed at some length in Vol. IX, University of Cincinnati Law Review, 67, 73.
Another question is suggested by the instant case. It will be noted that the trial court rendered final judgment for the defendant upon the amendment to the motion for a new trial.
Such motion was originally filed in compliance with Section 11578, General Code, on October 11, 1933; the motion to amend was filed on December 11, 1934, and granted on December 31, 1934.
It was held in Kernan v. St. Paul City Ry. Co., 64 Minn. 312, 67 N.W. 71, under a statute providing that where a party was entitled on the trial to have a verdict directed in his favor, and duly moved for the same, the court may, on a motion for a new trial, order judgment in his favor notwithstanding the verdict, such party to be entitled to that order must ask therefor in his motion.
And in F. W. Woolworth Co. v. Connors, 142 Tenn. 678, 687,222 S.W. 1053, 1055, it was held that a denial of the motion for an instructed verdict must be assigned as error in the motion for a new trial in order to be considered.
Now, the request herein for final judgment on the ground that the court should have directed a verdict was sought to be appended to the motion for a new trial some fourteen months after that motion was made. It bore no relationship to the original motion and in fact was antagonistic thereto. It constituted a *Page 441 
matter as much within defendant's knowledge on October 11, 1933, as on December 11, 1934.
Although this court seems never to have passed directly on the point, it would appear that a majority of the holdings in other states are to the effect that after the prescribed time has elapsed for filing motion for a new trial, a movant may not amend or supplement a seasonably filed motion with new and independent grounds, especially if he was aware of such grounds when his motion was originally filed. 46 Corpus Juris, 332, Section 330; Culp v. Steers, 47 Kan. 746, 28 P. 987; Wiar v.Wabash Rd. Co., 162 Iowa 702, 144 N.W. 703; Hall v. Feagins,169 Iowa 495, 151 N.W. 481; Haman v. Preston,Exr., 186 Iowa 1292, 173 N.W. 894; State, ex rel. Sorensen,Atty. Gen., v. Commercial State Bank, 126 Neb. 482,253 N.W. 692; Rogers v. Quabner, 41 Okla. 107, 137 P. 361; Mann v.Wilson, Recr., 117 Okla. 239, 246 P. 464; In re McDonnell,197 Mass. 252, 83 N.E. 675; State, ex rel. Iba, v. Ellison etal., Judges, 256 Mo., 644, 165 S.W. 369; Hinz v. CrownWillamette Paper Co., 175 Wn. 315, 27 P.2d 576.
Assuming but not conceding the power of the trial court under any circumstances to render final judgment for defendant after verdict against it for the reason that there should have been a directed verdict in its favor, error was committed in permitting the amendment to the motion for a new trial and in entering final judgment on the basis of such amendment.
Counsel for plaintiff are insistent that upon a reading of the record it will be clear that the evidence amply sustains the verdict of $5000 returned by the jury. Even though it involves a weighing of the evidence, they ask us to reverse the judgment of the Court of Appeals in part, to reinstate the verdict and to enter final judgment thereon.
Counsel for defendant are equally insistent that a reading of the record will demonstrate that no cause *Page 442 
of action in favor of the plaintiff was established by the evidence, and that we should consequently reverse the judgment of the Court of Appeals and enter final judgment for the defendant.
It must be remembered that the Court of Appeals has not yet performed its function of determining the sufficiency of the evidence to support a verdict for either of the parties, or of determining the correctness of a possible ruling by the trial judge directing a verdict on the evidence, and this court has not yet reached the place where it is ready to accept a case of this kind directly from the Court of Common Pleas in the face of Article IV, Section 2, of the Constitution of Ohio.
Finally, we think the Court of Appeals correctly decided, when the case was before it on a previous occasion, that the special findings of fact, considered together, were not inconsistent and irreconcilable with the general verdict for plaintiff, upon authority of Board of Commissioners of MercerCounty v. Deitsch, 94 Ohio St. 1, 113 N.E. 745, andPrendergast v. Ginsburg, 119 Ohio St. 360, 364 and 365,164 N.E. 345, 346.
This is a peculiar and extraordinary case, a parallel to which would be hard to find. If it does not speak well for the prompt disposal of court proceedings, we are happy to remark that it presents the exception rather than the rule, at least insofar as reviewing courts are concerned.
Finding no error in the judgment of the Court of Appeals, the same is affirmed.
Judgment affirmed.
WEYGANDT, C.J., WILLIAMS and DAY, JJ., concur.
STEPHENSON, JONES and MATTHIAS, JJ., concur in the judgment for the reason that the trial court erred in permitting the amendment after the appellate court *Page 443 
had assumed jurisdiction of the case and after it had reviewed the errors assigned, including the error that the trial court had refused to direct a verdict. In its entry, the appellate court remanded the case to the trial court with instructions only "to rule on the motion for a new trial."