WEBB, APPELLEE, *v.* THE CHAMPION COATED PAPER CO.,
APPELLANT.

(No. 797—Decided November 12, 1940.)

Mr. C. J. Wardlaw and Mr. C. W. Elliott, for appellee.

Mr. James B. Benedict and Mr. Francis T. Bartlett, for appellant.

MATTHEWS, J.   In this case the jury returned a verdict for the plaintiff, upon which a judgment was rendered.   The action was against a self-insuring employer under the Workmen's Compensation Act.   In this appeal from that judgment, it is urged that the verdict is not sustained by any evidence, or, at least, is manifestly against the weight of the evidence.

It appears that the appellant mailed to the clerk of the court by registered mail, a motion for a new trial, in time to reach its destination in the ordinary course of the mails in less than three days, but that for some undisclosed reason it was not delivered to the clerk until the fourth day after the return of the verdict. By Section 11578, General Code, it is provided that the application for a new trial must be made within three days after the verdict is rendered unless the filing is unavoidably prevented within the time.   It is urged that the delay in the delivery of the envelope containing the motion for a new trial constitutes an unavoidable prevention within the meaning of the statute, thereby excusing the failure to file within the three days.

While, undoubtedly, the appellant was justified in having a firm expectation that the mail would be forwarded in the usual manner, nevertheless, the appellant chose the postal department as its agent and must be charged with the failure of that department to meet its expectations to the same extent that it would be charged with the failure of any other agent selected by it.   The failure of the Post Office Department was the appellant's failure.   *Roberts* v. *Sims,* 111 Okla., 1,

237 P., 852. That such a mishap is not an unavoidable prevention within the meaning of the statute is indicated by the case of *Wheeling & Lake Erie Ry. Co.* v. *Richter,* 131 Ohio St., 433, 3 N. E. (2d), 408, and the cases cited on this point in that case at page 441.

We conclude that this motion was not filed within the prescribed time and must therefore be disregarded. The result of this conclusion is that this court is without jurisdiction to pass upon the weight of the evidence and cannot reverse the judgment on the ground that it is manifestly against the weight of the evidence.

The only purpose for which we may examine the evidence, in the absence of a motion for a new trial, is to ascertain whether the record discloses substantial evidence in support of all the elements of the plaintiff's cause of action. This we have done. It discloses that the evidence is such that conflicting inferences may be drawn from it. We cannot say there is no substantial evidence that the decedent, Willis Turner, sustained an injury in the course of and arising out of his employment, which either caused or contributed to cause or accelerate the disease from which he died. All the other elements of liability were admitted.

But it is urged that the court erred in giving two special charges requested by the appellee and in refusing to submit two special interrogatories requested by the appellant. We have examined these special charges and are of the opinion that they are correct statements of the law applicable to the facts. We do not find, as claimed by appellant, that they would authorize a recovery upon proof of an unexpected and unexplained collapse while in the course of the employment. We do find, however, that the interrogatories requested by the appellant and refused by the

court called for answers as to ultimate facts which if inconsistent with the general verdict would have controlled it. These interrogatories were:

"1. Was the condition of Willis Turner's back after September 1925, caused by his slipping on the concrete floor at defendant's plant?

"2. Did Willis Turner, on or about September 9, 1929, strike his back against any object while at work at defendant's plant?"

The plaintiff, in order to state a cause of action, was required to allege facts showing a causal connection between the death and the employment. This she did by alleging that the decedent while performing his duties, "fell on a wet, slick concrete floor and injured his spine which injury caused or aggravated a tubercular condition of the spine."

Now this allegation must mean that it was the fall on the concrete floor that injured his spine. That was the injury in the course of and arising out of the employment that aggravated the disease and eventually caused his death. There could be no other basis for this essential element of the appellee's right to recover.

If both of these interrogatories had been submitted and answered in the negative, there would have been a finding that the decedent was not injured by striking his back against any object and that the condition of his back thereafter was not caused by slipping on the concrete floor. A general verdict for the appellee could not stand in the presence of such a finding.

While the appellee did not expressly allege that the slipping was the cause of the fall, without that implication the averment would be insufficient in law to show a causal connection with the employment. Furthermore, no matter what the cause of the fall, if the decedent did not strike his back against some object

in the fall, and the condition of his back was not caused by slipping, his death could not be traced to the incident.

We are of the opinion that the court erred in refusing to submit these interrogatories, and that the judgment must be reversed on that ground.

We find no other error prejudicial to the appellant.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and Ross, J., concur.