Hart, J.
 

 Conceding that the court was justified by the state of the record in granting a new trial to plaintiff because of the inadequacy of the verdict, could the court grant a new trial without vacating the entire verdict of the jury?
 

 There are many cases in common-law jurisdictions which hold that it is within the power of the trial court, where there is more than one issue of fact in the case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others. 27 Am. & Eng. Ann. Cas., 365; 46 Corpus Juris, 74, Section 24;
 
 Zaleski
 
 v.
 
 Clark,
 
 46
 
 *598
 
 Conn., 397;
 
 Yazoo & Miss. Valley Rd. Co.
 
 v.
 
 Scott,
 
 108 Miss., 871, 67 So., 491, L. R. A. 1915E, 239; annotations at 250; 98 A. L. R., 941, annotation; 2 Ruling Case Law, 287, Section 241.
 

 It is to be observed, however, in the study of these authorities, that the courts recognize much opportunity for confusion and injustice in adopting and applying this practice. For instance, one authority says:
 

 “Before such a partial new trial is granted, however, it should clearly appear that the matter involved in the particular issue is entirely distinct and separable from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters.” 27 Am. & Eng. Ann. Cas., 365.
 

 Another authority says the practice may be followed when “ ‘it is clear that the course can be pursued without confusion, inconvenience or prejudice to the rights of any party. ’ ” 98 A. L. R., 941, annotation.
 

 In
 
 Gasoline Products Co.
 
 v.
 
 Champlin Refining Co.,
 
 283 U. S., 494, 75 L. Ed., 1188, 51 S. Ct., 513, the court significantly holds in a case where certain issues related to the claim of the plaintiff and certain other issues related to a counterclaim of the defendant, ‘ ‘ that in reversing the judgment as to the counterclaim and directing a new trial with respect to the amount of damages because of error in the instructions concerning the measure of damages under it, it was not necessary to disturb the judgment on the main cause of action; but there
 
 should be a retrial of all the issues raised by the counterclaim, because * * * fhe question of damages could not be submitted to a jury independently of the question of liability
 
 without confusion and uncertainty.” (Italics ours.)
 

 But the decision of this question in Ohio calls for an examination of the constitutional and statutory provisions of this state relating to the jurisdiction and procedure of the Common Pleas Court in the trial of civil actions.
 

 
 *599
 
 Section
 
 4,
 
 Article IY of the Constitution, provides that “the jurisdiction of the Courts of Common Pleas and the judges thereof, shall be fixed by law,” that is, by legislative enactment. The Constitution authorizes the Legislature to confer jurisdiction on the court and the Legislature has acted under this authority.
 
 Mattone
 
 v.
 
 Argentina,
 
 123 Ohio St., 393, 175 N. E., 603.
 

 As a part of the jurisdiction of the Common Pleas Court, the Legislature has provided when and how new trials shall be granted. Section 11576, General Code, provides that:
 

 “A former verdict, report, or decision,
 
 shall he vacated,
 
 and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantially rights * * *.” (Italics ours.) Then follows the enumeration of the eight separate grounds upon which new trials may be granted.
 

 There are holdings by this court, and by several of the Courts of Appeals, that when the trial court vacates a verdict and grants a new trial under the statute above referred to, it has exhausted its jurisdiction in that regard. Apparently, the court has no authority or power to vacate only a part of a verdict or to attach other conditions upon the retrial of the action
 
 de novo. Dayton & Union Rd. Co. v. Dayton & Muncie Traction Co.,
 
 72 Ohio St., 429, 74 N. E., 195;
 
 Wheeling & Lake Erie Ry. Co.
 
 v.
 
 Richter,
 
 131 Ohio St., 433, 3 N. E. (2d), 408.
 

 In the case of
 
 Dayton & Union Rd. Co.
 
 v.
 
 Dayton & Muncie Traction Co., supra,
 
 involving the question as to when the motion for new trial must be filed to have a review of the preliminary questions in an appropriation suit, Chief Justice Davis said:
 

 “A new trial, if granted, goes to the whole case. It must be retried from the beginning and upon all the issues of fact which are involved in the case.”
 

 In the case of
 
 Wheeling & Lake Erie Ry. Co.
 
 v.
 
 *600
 

 Richter, supra,
 
 relating to new trial procedure, Judge Zimmerman, in his opinion at page 437, said:
 

 “Unlike the Supreme Court or the Courts of Appeals, ‘the jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law.’ Article IV, Section 4, Constitution of Ohio. The powers and authority of the Courts of Common Pleas are therefore largely dependent on legislative action.
 
 Allen
 
 v.
 
 Smith,
 
 84 Ohio St., 283, 95 N. E., 829, Ann. Cas. 1912C, 611. * * *
 

 “Section 11575, General Code, insofar as this case is concerned, defines a new trial as ‘a reexamination, in the same court, of an issue of fact, after a verdict by a jury.’ And this court has indicated that this signifies a rehearing of the case from the beginning.
 
 Dayton & Union Rd. Co.
 
 v.
 
 Dayton & Muncie Traction Co.,
 
 72 Ohio St., 429, 435, 74 N. E., 195, 196.
 

 “The statutory definition is in substantial conformity with those generally contained in judicial pronouncements, and there is no reason to believe that it was intended to be a departure from the meaning given the term at common law. There, ‘new trial’ was used in the sense of a complete retrial of a cause on the facts.”
 

 In the case of
 
 Cullen
 
 v.
 
 Schmit,
 
 137 Ohio St., 479, 30 N. E. (2d), 994, involving the question as to when a motion for new trial is duly filed, this court, with opinion by Chief Justice Weygandt, held:
 

 “A motion for a new trial is duly filed only when, if granted, it would result in a reexamination of the issues of facts presented by the pleadings.”
 

 The amended motion for new trial in this case seeks to have the court amend what seems to be the statutory procedure as to such motions. This is not the function of the court but that of the Legislature. In the trial of a civil action, liability and damage are so closeiy related that in the absence of statutory authority the court should not undertake to separate them.
 
 *601
 
 To do so is not only unauthorized, hut in many cases might result in injustice.
 

 The judgments of the Common Pleas Court and of the Court of Appeals are reversed and the cause is remanded to the Common Pleas Court for further proceedings not inconsistent with this opinion.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.