IN RE ESTATE OF KLEINHEN: CITY OF FOSTORIA, APPELLANT, *v.* KLEINHEN, APPELLEE.

(Nos. 463 and 467—Decided July 19, 1944.)

*Mr. John Bender,* city solicitor, for appellant.

*Mr. A. G. Fuller,* for appellee.
*Mr. Lester A. Stewart,* for the state of Ohio.

JACKSON, J. This matter is in this court on appeals on questions of law. It is to be noted that two separate appeals were taken.

In case No. 463 the errors complained of are based on the refusal of the Probate Court to consider a motion for a new trial and the dismissing of the motion without a hearing thereon by reason of an oral motion made by the appellee. Case No. 467 is based upon the action of the Probate Court in dismissing the motion of the appellant to vacate and set aside the judgment of the Probate Court by reason of an oral motion made by the appellee, without granting the appellant an opportunity to be heard. In both cases the action of the court was based upon the opinion that the Probate Court had no jurisdiction to entertain the motion to vacate and set aside the judgment or the motion for a new trial.

The appellee filed a motion to dismiss the appeal in case No. 463 for two reasons: First, that the motions of the appellant for a new trial and to vacate and set aside the decision complained of were not filed within three days from the entering of the decision of the Probate Court on the journal, and neither the transcript nor the bill of exceptions contains any evidence of unavoidable delay as is provided by Section 11578, General Code; second, that the notice of appeal filed in the Probate Court was not given within the twenty days from the entry of the decision appealed from, as provided by Section 12223-7, General Code, nor could it have been given within twenty days from the entering of the overruling of the motion of appellant for a new trial, because such motion was not filed within three days from the entry of the decision complained of, as is required by the provisions of Section 12223-7.

The assignments of error in both cases, and the motion to dismiss will be considered together.

By virtue of Section 11575, General Code, a new trial is defined as "a re-examination, in the same court, of an issue of fact, after a verdict by a jury, a report of a referee or master, or a decision by the court." Section 11578, General Code, requires that an application for a new trial must be made at the term the verdict, report or decision is rendered, except for the cause of newly discovered evidence material to the party applying, which he could not with reasonable diligence discover and produce at the trial. The application must be made within three days after the verdict or decision is rendered, unless he is unavoidably prevented from filing it within such time.

The journal entry of the Probate Court allowing the claim of Ray D. Kleinhen in the sum of $5,000 was filed on November 1, 1943; the motion for a new trial was filed on November 12, 1943, more than three days from the journalizing of the decision.

The appellant endeavored to cure the failure to file the motion for new trial within three days after the order and judgment of the court, by reciting, in substance, that he was unavoidably prevented from filing it within time, because the city of Fostoria was not notified of the date set for the hearing of the petition and was not otherwise informed, and had no means of knowing, that the judgment was entered on November 1, 1943, but that actual knowledge for the first time came to the city of Fostoria on November 10, 1943. The journal entry on the motion for new trial was filed on December 28, 1943, and the notice of appeal was filed on January 7, 1944.

The original papers in the case demonstrate that C. B. Shuman, as mayor of Fostoria, acknowledged service and consented to the allowance of the claim on a document dated September 18, 1943, which notice re-

cites, in substance, that Ray D. Kleinhen will present to the Probate Court of Hancock county, for allowance to him against the estate of Anna T. Kleinhen, deceased, a certain claim of $5,000, signed Ray D. Kleinhen, executor of the estate of Anna T. Kleinhen. On September 23rd, Ray D. Kleinhen filed a petition for his claim of $5,000 with interest from the 23rd day of April, 1943; and on November 1, 1943, the entry was filed in the court allowing such claim for $5,000.

The mayor had no authority to consent to the allowance of the claim, but he had authority to accept service of an actual suit already filed. The mayor is the responsible head of the city government and the proper person upon whom service of process must be had, as designated by statute, and therefore he has complete authority to accept the service of notice. The unavoidable circumstance is involved in the failure of the mayor to properly notify the legal authority for the city, namely, the city solicitor. Section 11288, General Code.

Under Section 11578, General Code, such an excuse is not an unavoidable delay and the failure to file the motion for a new trial within three days from November 1, 1943, was a failure under the statute. Under the interpretations which the courts have universally given to the statute we are of the opinion that the above circumstances did not place the failure to file within three days, within the category of unavoidable excuse and, hence, there is no error in this respect. 30 Ohio Jurisprudence, 147, New Trial, Section 94; *Representative Bus Co.* v. *Simmons*, 26 Ohio App., 367, 159 N. E., 846.

If an improper and unnecessary motion for a new trial is filed following a judgment, it must be treated as a nullity, and in such event the time limitation starts from the date of the original judgment. *State, ex rel. Squire*, v. *Winch*, 62 Ohio App., 161, 165, 23 N. E. (2d),

642; *State, ex rel. Longman,* v. *Welsh,* 133 Ohio St., 244, 13 N. E. (2d), 119.

However, a motion for a new trial is not necessary to .the determination of a question not requiring the weighing of evidence, or, in fact, a consideration of evidence at all. *Bauer* v. *Heaton,* 68 Ohio App., 181, 38 N. E. (2d), 413; *Webb* v. *Champion Coated Paper Co.,* 68 Ohio App., 546, 31 N. E. (2d), 96; *Wheeling & L. E. Ry. Co.* v. *Richter,* 131 Ohio St., 433, 3 N. E. (2d), 408.

A motion for new trial need not be made where no bill of exceptions is filed, or where the question to be reviewed appears in the transcript and pleadings without any bill of exceptions. *Fairbanks, Morse & Co.* v. *Hill,* 48 Ohio App., 418, 194 N. E., 397; *Hulett* v. *Hulett,* 18 Ohio Law Abs., 63.

A motion for new trial is not necessary to review a decision of a lower court on a motion to vacate a judgment during the term. *Slater* v. *Brown,* 43 Ohio App., 497, 183 N. E., 393.

While the court was in error in holding that he lacked jurisdiction to entertain a motion for new trial in such a case, yet his action in dismissing the motion for new trial was correct because it was not filed in accordance with Section 11578, General Code. It has been held many times in Ohio that a wrong reason for a correct decision is of no avail in a reviewing court. Indeed, there is no holding to the contrary. *Price* v. *Snyder,* 19 Ohio Law Abs., 48.

A different situation is presented with reference to the motion of the appellant to vacate and set aside the judgment. The motion to vacate and set aside the judgment was filed on November 12, 1943, with reference to the journal entry filed on November 1, 1943. There is no three-day limitation in connection with a motion to vacate and set aside a judgment. The Probate Court asserted that it had no jurisdiction to en-

tertain such a motion, and dismissed the same, for which error is claimed.

On February 23, 1944, the journal entry was filed on the motion to vacate and set aside the judgment. On February 23, 1944, the notice of appeal was filed with reference to the action of the court, as demonstrated in the journal entry of February 23, 1944.

The terms of the Probate Court are defined in Sections 10501-18 and 11643, General Code, in which it is recited that in estimating time, the Probate Court, for the purpose of vacating or modifying its orders or judgments, will be considered as holding in each year, three terms of four months each, commencing on the first law days in January, May and September, and ending on the last law days of April, August and December, respectively.

In the instant case the journal entry of the judgment complained of and the motion to vacate and set aside the judgment were filed in the same term. If a judgment is attacked during the same term it is done by motion, as was done in the instant case. Under Section 10501-17, General Code, the Probate Court has the same powers as the Common Pleas Court to vacate or modify its judgments. *In re Estate of Shafer*, 74 Ohio App., 33, 56 N. E. (2d), 926.

The court below dismissed the motion of appellant to vacate and set aside the judgment, because it was of the opinion that it had no jurisdiction to entertain such a motion. The rule is that a court of general jurisdiction has inherent powers to vacate or modify a judgment during the term at which it was rendered. It has been expressly provided by statute that the Probate Court shall have the same power as the Common Pleas Court to vacate or modify its judgments. 23 Ohio Jurisprudence, 1161, Judgments, Section 1033.

In construing Sections 10501-17 and 10501-53, General Code, the courts have held that the Probate Court

has not only the same jurisdiction at law and in equity to vacate or modify its own orders and judgments as has the Court of Common Pleas, but also that its jurisdiction in that respect is not limited either by the Constitution or legislative enactment, to statutory grounds only, and that such jurisdiction includes equitable grounds as well. *Abicht, Exr.,* v. *O'Donnell,* 52 Ohio App., 513, 3 N. E. (2d), 993; *Hooffstetter* v. *Adams,* 67 Ohio App., 21, 35 N. E. (2d), 896; *In re Estate of Vanderlip,* 39 Ohio Law Abs., 314; *In re Estate of Blue,* 67 Ohio App., 37, 32 N. E. (2d), 499.

The Probate Court has complete control over its judgments and should have given the appellant an opportunity to present the evidence for determination by the court as to whether the judgment should or should not have been vacated and set aside. In this manner only can the judgment of the Probate Court be examined by the appellate court as to whether the judgment was or was not contrary to law in the trial court. Therefore it becomes necessary to examine the transcript of the docket and journal entries and the original papers exclusive of the bill of exceptions connected with the case, to ascertain if proper service was had and if proper waivers were executed.

This inquiry is directed only to the action on the part of the city of Fostoria, by C. B. Shuman, its mayor. The acknowledgment of service and the consent to the allowance of the claim is dated September 18, 1943, without any specific explanation except that in the future, at some time, Ray D. Kleinhen would present a certain claim of $5,000 against the estate.

The record also indicates that the petition of Ray D. Kleinhen for allowance of the claim of $5,000, with interest from the 23rd day of April, 1943, was filed in the Probate Court on September 23, 1943, so that in truth and in fact at the time of the acknowledgment of ser-

vice, no petition for allowance to Ray D. Kleinhen of the claim was on file in the Probate Court.

Section 11288, General Code, provides how service shall be had upon municipal corporations and undoubtedly the mayor had the authority to acknowledge the service, provided an actual lawsuit was in existence at the time of the acknowledgment of service. However, the mayor had no authority to consent to the allowance of the claim. Since the mayor had no authority to acknowledge service in the manner and form above noted, the city of Fostoria was not a party before the court on November 1, 1943.

It is fundamental that objection to the jurisdiction of the person can be made at any time, and it is our view that the motion to vacate and set aside the judgment on the part of the city of Fostoria was an effort to demonstrate to the court that no jurisdiction was had as to the city of Fostoria by reason of the acknowledgment of service.

It, therefore, follows that the action of the Probate Court on the motion for a new trial is correct, but that the action on the motion of the appellant to vacate and set aside the judgment is error, and the judgment or order of the Probate Court as of February 23, 1944, is set aside and the cause remanded for further proceedings according to law.

The motion to dismiss the appeal is sustained as to Case No. 463 and is overruled as to Case No. 467.

In the brief of appellee, Section 10509-109, General Code, is cited. This section was repealed, effective June 26, 1939.

*Judgment accordingly.*

MIDDLETON, J., concurring.
GUERNSEY, P. J., not participating.