**VALLEY VIEW (Village), Plaintiff-Appellee, v. BUTLER, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20385—Decided October 14, 1946.

L. E. Luikart, Cleveland, for plaintiff-appellee.
R. B. Stokley, for defendant-appellant.

## OPINION

PER CURIAM:

This is an appeal on questions of law.

The defendant was on November 20, 1945, tried and found guilty of careless and reckless driving by the Mayor of Valley View Village. At the request of the defendant imposition of sentence was deferred and the case passed to December 18, 1945, upon which date the case was again continued for sentence to January 15, 1946. There is a dispute as to whether or not this second continuance was at the instance of the defendant or was the action of the Mayor, sua sponte, but we regard this as immaterial.

On January 15, 1946, a fine of $50.00 and costs was imposed. Thereupon the defendant by his counsel excepted to the sentence and moved that the action be dismissed on the ground that the Mayor had lost jurisdiction of the case under the provisions of §10378 GC. The motion was overruled and the de-

fendant paid the fine and costs. He then appealed to the court of common pleas where the judgment was affirmed.

The sole question is whether or not the Mayor, acting as a civil magistrate, lost jurisdiction because imposition of sentence was deferred.

**Sec. 10378 GC** reads as follows:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the Justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

This same question has been presented in earlier Ohio cases in which it was held that the statute in question did not apply to criminal cases.

In the case of **Douglas v State, 16 Oh St 95,** the first paragraph of the syllabus states:

"The provisions of §10378 GC, which require a justice of the peace to enter judgment 'immediately after the close of the trial, if the defendant has been arrested or his property attached' have no application to the trial of criminal cases in such court."

To the same effect is a decision in the case of **Price v Snyder, 19 Abs 48,** decided in 1935 by the Court of Appeals of the Third District, when the Court held:

"1. The provisions of §10378 GC which requires Justices of the Peace to enter judgment immediately after the close of a trial have no application to the trial of criminal cases."

We are in accord with the holding in these cases.

Therefore, on the ground that the statute in question does not apply to criminal cases we are of the opinion that the judgment of the court of common pleas should be affirmed.

It appears further that the magistrate decided the case when he found defendant guilty at the conclusion of the trial. The only matter remaining was the imposition of sentence which was deferred at the request of the defendant for a period of 28 days. Therefore the delay beyond four days in the imposition of sentence was entirely for the benefit of defendant. Defendant raised no issue on appeal as to his guilt and having induced the magistrate to grant the continuance

for his benefit before pronouncing sentence, it would appear that he is now attempting to escape the consequences of his guilt by taking advantage of a technical situation for which he alone was responsible.

Another circumstance that might require an affirmance of the judgment is that the fine and costs have been paid and therefore the question before us is now moot. But it is unnecessary to decide this question in view of our holdings above set forth.

Judgment affirmed.

SKEEL, PJ, HURD and MORGAN, JJ, concur.