Submitted on briefs November 2, affirmed December 8, 1914, rehearing denied January 12, 1915.

## IN RE SNEDDON.

(144 Pac. 676.)

**Judgment—"Decree"—What Constitutes.**

1. In general, a final determination of any proceeding before a court of record is a judgment or decree.

**Insane Persons—Adjudication—Right of Appeal—"Judgment."**

2. Section 756, L. O. L., declares that, in case of a judgment, decree or order against a specific thing, or in respect to the personal, political or legal condition or relation of a particular person, the judgment, decree or order is conclusive on the title to the thing or the condition or relation of the person, and Section 548 provides that a judgment or decree may be reviewed as prescribed in the chapter, and not otherwise, etc. *Held*, that a determination in a lunacy inquisition finding the respondent insane was a judgment, being so denominated by Laws of 1913, page 680, Section 4, relating to the procedure on such inquisitions, and is therefore appealable.

**Insane Persons—Lunacy Inquisition—Appeal—Trial by Jury.**

3. On appeal to the Circuit Court from a County Court order finding respondent insane and committing him to an asylum, it was not error for the court to submit the issue of respondent's sanity *vel non* to a jury.

**Appeal and Error—Verdict—Vacation—Review.**

4. Refusal of the trial court to set aside a verdict and judgment presents no question for review; it not being appealable.

**Insane Persons—Inquisition—Appeal—Scope of Review—Record—Evidence.**

5. Where on appeal in a lunacy inquisition there was no bill of exceptions or transcript of testimony beyond what was denominated "Certificate of Examining Physician," and it did not appear that this was all the testimony heard in the case, the Supreme Court, could not review questions depending on the evidence, whether the case was one to be decided on appeal on legal questions, or as in equity to be tried anew on the transcript and evidence accompanying it.

From Coos: JOHN S. COKE, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

This is a proceeding to have one Charles Sneddon committed for insanity.

The abstract of record before us discloses that, on the petition of Ellen Sneddon in the County Court of

Coos County, Charles Sneddon was brought before that court, and with the assistance of two practicing physicians was examined and adjudged insane by that court and ordered conveyed to the Oregon State Hospital at Salem. Sneddon appealed to the Circuit Court, where a motion to dismiss his appeal was overruled. A jury trial was had January 20, 1914, and a verdict returned to the effect that he was of sound mind. Thereupon it was ordered and adjudged that he was sane, and that he be discharged from custody as an insane person. The State of Oregon appearing by the district attorney and Ellen Sneddon, the complainant, by her attorney, both moved to set aside the verdict and judgment on the ground that the Circuit Court had no jurisdiction of the subject matter. This motion was overruled on February 11, 1914, and both Ellen Sneddon and the state appeal.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).              Affirmed.  Rehearing Denied.

For appellant, Ellen Sneddon, there was a brief by *Mr. Harry G. Hoy.*

For the State there was a brief over the name of *Mr. Lawrence A. Liljeqvist,* District Attorney.

For respondent there was a brief submitted over the names of *Mr. William T. Stoll* and *Mr. James M. Upton.*

Mr. Justice Burnett delivered the opinion of the court.

There are 11 assignments of error set forth in the abstract, which may be reduced to three heads: (1) That there was no appeal from the adjudication of in-

sanity made by the County Court, and hence the Circuit Court erred in not dismissing the appeal for want of jurisdiction; (2) that it was error to grant a trial by jury; and (3) that the court erred in making the order of February 11, 1914, denying the motion to set aside the verdict of the jury and the judgment of the Circuit Court. It is not specified that the court erred in making the order discharging Sneddon from custody on January 20, 1914.

Section 936, L. O. L., declares:

"The County Court has the exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is, * * (7) to take the care and custody of the person and estate of a lunatic or habitual drunkard, and to appoint and remove guardians therefor. * * "

In Chapter 342 of the Session Laws of 1913 the procedure for commitment of insane persons is laid down. It is there provided in Section 3 of the act that:

"The county judge of any county in this state, upon being notified in writing that any person by reason of insanity is unsafe to be at large or is suffering from exposure or neglect, shall cause such person to be brought before him at such time and place as he may direct, and shall also cause to appear one or more competent physicians who shall proceed to examine the said person as to his mental condition. Should the said examining physician find, and certify under oath, that said person is insane, and the said county judge be of the same opinion, he shall order such insane person committed to the proper state hospital for the insane."

Section 4 provides:

"The county judge shall cause to be recorded in the records of the court a full account of the proceedings had at the said hearing and examination, together with the judgment and order of the court and a copy of the warrants issued as hereinafter provided."

This is clearly a detail of procedure provided for the exercise of the general jurisdiction of the County Court described in Section 936, L. O. L.

We find that in Section 945, L. O. L.—
"the provisions of Chapter 5, Title 7, relating to appeals are intended to apply to judgments and decrees of the County Court in all cases, but not to its decisions given or made in the transaction of county business. In the latter case, the decisions of the court shall only be reviewed upon the writ of review provided by this Code."

Chapter 5 is the general chapter upon the subject of appeals. It is there said:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree": Section 548, L. O. L.

1, 2. There are several things described in the second clause of that section which ordinarily would not be considered as a judgment or decree, but which are made such by force of the statute for the purposes of appeal. In a sense they are conventional judgments or decrees, but are not intended to exclude ordinary judgments or decrees from the effect of the statute relating to appeals. The general rule is that a final determination of any proceeding before a court of record is a judgment or decree. We have thus in the present case a final determination of the County Court as to the legal condition of a particular person within the meaning of Section 756, L. O. L. declaring:

" * * In case of a judgment, decree, or order against a specific thing, or in respect to the probate of a will or the administration of the estate of a deceased person, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment, decree, or order is conclusive upon the title to the thing, the will or administration, or the condition or relation of the person."

The determination of the County Court to be made in such cases is denominated a judgment by the terms of Section 4, Chapter 342, Laws of 1913, and hence it is appealable within the meaning of the first sentence of Section 548, L. O. L. Taking all these statutes together, it is clear that Sneddon had a right of appeal from the decision of the County Court. It is true that in the former procedure outlined in Section 4435, L. O. L., an appeal from adjudications of insanity in the County Court was expressly provided. This section, however, was repealed by the legislation embodied in Chapter 342 of the Laws of 1913, and it is argued that because that chapter does not mention appeals in such cases, there can be no appeal. The clause of Section 4435, L. O. L., relating to appeals was superfluous because, as we have seen, that remedy was already provided by Section 945, L. O. L., which latter section has never been affected by any legislation since its enactment as part of the Code of Civil Procedure in 1862. Under these circumstances the legislative assembly of 1913 avoided tautology by omitting any reference to appeal, leaving it still effectual under Section 945.

3. The next question that occurs relates to the procedure adopted in the Circuit Court in awarding a jury trial. It is said in Section 1135, L. O. L.:

"There are no particular pleadings or forms thereof in the County Court, when exercising the jurisdiction

of probate matters, as specified in Section 936, other than as provided in this title. The mode of proceeding is in the nature of that in a suit in equity as distinguished from an action at law. The proceedings are in writing, and are had upon the application of a party or the order of the court. The court exercises its powers by means of * * 4. Orders and decrees. * * ''

Remembering that in the present instance the County Court was exercising its jurisdiction pertaining to a court of probate in taking the care and custody of the person and estate of a lunatic as provided in Section 936, even if we should conclude that the proceeding is in equity, still it would not necessarily be error to award a jury trial in the Circuit Court. It is well settled that in the trial of equity cases the judge may submit questions of fact to the consideration of a jury for the purpose, as the old phrase has it, of "enlightening the conscience of the chancellor," the rule being that the verdict is not conclusive in such cases but only advisory: Section 403, L. O. L.; *Swegle* v. *Wells,* 7 Or. 222; *De Lashmutt* v. *Everson,* 7 Or. 212; *Raymond* v. *Flavel,* 27 Or. 219 (40 Pac. 158). We cannot conclude, therefore, that the Circuit Court was in error when it submitted the issue of Sneddon's sanity or insanity to a jury.

4. The only remaining error relied upon is that the court was mistaken when it declined to set aside the verdict and judgment. Such an order, however, presents no question for review in this court, it not being appealable: *Macartney* v. *Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257); *Gearin* v. *Portland Ry. L. & P. Co.,* 62 Or. 162 (124 Pac. 256); *Hahn* v. *Astoria Nat. Bank,* 63 Or. 1 (114 Pac. 1134, 125 Pac. 284).

5. There is no bill of exceptions or transcript of testimony in the record before us beyond what is de-

nominated a "Certificate of Examining Physician." Granting that this document was admissible in evidence, yet there is nothing to show that is all the testimony heard in the case. Hence, whether we take the proceeding as one at law to be decided here only on legal questions or as in equity to be tried anew upon the transcript and the evidence accompanying it, all as stated in Section 556, L. O. L., we are without the requisite data for further consideration of the case.

It follows that the assignments of error relied upon by the appellant are not well taken, and as against them the decree of the Circuit Court must be affirmed.

AFFIRMED.    REHEARING DENIED.