Argued February 2, affirmed February 16, 1915.

## HERNDOBLER *v.* RIPPEN.*

(146 Pac. 140.)

**Parent and Child—Torts of Child—Parent's Liability.**

1.  A person shot through the negligence of a boy 16 years old, who was familiar with the use of firearms, and had owned and used a rifle at the age of 9 years, could not recover for his injuries against such boy's parents, who neither aided, abetted nor suggested any of the acts relied upon for recovery, as a parent is not liable in damages for the independent negligent act of his minor child merely by reason of the relation.

> [As to liability of father for acts of his child, see notes in 50 Am. Rep. 583; Ann. Cas. 1912A., 585.]

**New Trial—Order for Judgment Instead of New Trial.**

2.  While ordinarily a trial court exceeds its power upon a motion for a new trial by setting aside a verdict in whole or in part and entering a final judgment without a new trial, its action in so doing will not be reversed, where, on the facts, as to which there is practically no conflict, a verdict should have been directed, as a new trial would be an obviously futile thing.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.    Statement by MR. JUSTICE BENSON.

This is an action by Albert H. Herndobler, a minor, by A. B. Herndobler, his guardian *ad litem,* against Phillip Rippen, Cecelia Rippen and Cecil Rippen, a minor.

Omitting the formal allegations, plaintiff's complaint is as follows:

"That the defendants, on the 16th day of September 1912, invited and requested said Albert H. Herndobler to accompany them on a visit and hunting trip to the ranch of the defendants, in the county of Klickitat, State of Washington, the said ranch being about 20 miles from a town in the State of Washington by the name of Lyle; that, while at said ranch, the defendants were the owners and in possession of a

---

*As to the parent's liability for torts of a minor child, see note in 10 L. R. A. (N. S.) 933.    REPORTER.

32 special rifle, which they were using for hunting in and about the said ranch, and that on September 9, 1912, while the plaintiff, Albert H. Herndobler, was exercising due care, and was in the ranch house of the defendants at defendants' invitation and request, the defendants, Phillip Rippen, Cecelia Rippen, and Cecil Rippen, a minor, carelessly and negligently proceeded to unload the said 32 special rifle and to clean and oil same in a careless and negligent manner, in that the said gun was negligently and carelessly pointed toward this plaintiff, and while so carelessly and negligently pointed toward this plaintiff, and while the defendant Cecil Rippen at the request of, and in the presence and with the consent of, Phillip Rippen and Cecelia Rippen, was unloading said gun and manipulating the same, and while said Phillip Rippen and Cecelia Rippen were aiding said Cecil Rippen in the cleaning and ascertaining the operation of said 32 special rifle, the same was carelessly and negligently discharged by said defendant Cecil Rippen, in the presence of said defendants Phillip Rippen and Cecelia Rippen, while acting under their direction, by reason whereof this plaintiff herein, who was within said ranch house, was injured by being shot in the right leg, making it necessary to amputate the said leg at a distance of approximately six inches from the hip, thereby permanently crippling this plaintiff and damaging him in the amount of $25,000.''

To this complaint defendants filed an answer admitting the injury to plaintiff, and denying all other material allegations therein; and, by way of affirmative defense, allege, in substance, that plaintiff was, at the time of the accident, a guest at the ranch of defendant Phillip Rippen; that defendant Cecil Rippen is a minor son of Phillip Rippen and Cecelia Rippen, who are husband and wife; that defendant Cecil was the owner of a 32 special rifle, and was carefully and cautiously removing the shells therefrom, when plain-

tiff negligently contributed to his injury by altering his position and placing himself in front of the muzzle of the gun at the moment when the gun was discharged, and thereby received the injury of which he complains. Plaintiff's reply is a general denial.

There is practically no conflict as to the facts proven upon the trial, which, so far as they are pertinent to this discussion are as follows: The plaintiff, at the time of his injury, was a boy about 16 years of age, and was a guest at the homestead of defendant Phillip Rippen who, with his wife and minor son, Cecil Rippen, and two other guests, were enjoying a hunting trip, and were occupying a small two-room cabin. At the time of the accident the entire party of six persons were together in a room 10x12 feet, containing a table, stove, bed, and possibly other furniture, when the two boys decided to unload their rifles in order to count their cartridges, which they proceeded to do. Phillip Rippen at the time was engaged in treating his sore foot, and asked plaintiff to hand him some lard from a small table near the stove. Plaintiff did so, and immediately returned to the task of unloading his rifle. He picked up the gun, and as he tried to remove a cartridge which was jammed Mrs. Rippen spoke to her son, Cecil, cautioning him to be careful with his gun, and at that instant Cecil's gun was discharged, and the bullet, striking plaintiff in the knee, caused the injury complained of.

Upon conclusion of plaintiff's direct case, defendants moved the court for a judgment of nonsuit, which was denied, whereupon defendants offered testimony in support of their theory of the case, at the conclusion of which defendants asked the court to direct a verdict in favor of defendants Phillip and Cecelia Rippen, which was denied. The jury returned a verdict

against all of the defendants, in favor of the plaintiff, for $1,000, and thereafter the court entered a judgment for plaintiff in accordance with the verdict. Defendants then moved for a new trial, and, after a hearing upon such motion, the court set aside the judgment as to defendants Phillip Rippen and Cecelia Rippen, and made an order dismissing the action as to them, and denying the motion as to the defendant Cecil. From this order and judgment plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Ralph R. Duniway, Mr. C. L. Whealdon* and *Mr. E. L. McDougal,* with oral arguments by *Mr. Duniway* and *Mr. Whealdon.*

For respondents there was a brief with oral argument by *Mr. Robert Tucker* and *Mr. Fred L. Olson.*

MR. JUSTICE BENSON delivered the opinion of the court.

Plaintiff submits two assignments of error, for which his learned counsel earnestly contend: First, it is insisted that there was sufficient competent testimony to support the verdict; and, second, that the court exceeded its powers in entering a judgment of dismissal as to defendants Phillip and Cecelia Rippen.

1. In considering the first of these assignments, it will be noted that the complaint charges active participation in the acts complained of, by all these defendants, and does not allege any parental or guardianship relation, nor ·is there any allegation that the defendant Cecil is of such tender years or inexperience as to cast upon the parents a liability for negligence arising out of passive acquiescence in the torts of the

minor son.   There is no evidence in the record sustaining the charge that the parents aided, abetted or suggested to the son, Cecil, any of the acts relied upon for a recovery.

The general rule at common law is that a parent is not liable in damages for the independent negligent act of his minor child, merely by reason of that relation.   Judge Cooley, in his work on Torts, declares the settled doctrine thus:

"A father is not liable, merely because of the relation, for the torts of his child, whether the same are negligent or willful.   He is liable only on the same grounds that he would be liable for the wrong of any other person, as that he directed or ratified the act, or took the benefit of it, or that the child was at the time acting as his servant": 1 Cooley on Torts (3 ed.), 180.

The case of *Palm* v. *Ivorson,* 117 Ill. App. 535, is a case which aptly illustrates what we regard as a correct application of the doctrine, and from it we quote:

"A father is not liable for the tort of his infant child upon the ground alone that he is the father.   A person who negligently places in the hands of, or authorizes the use by another person of, a dangerous instrument or article under such circumstances that he has reason to know that it is likely to produce injury, is liable for the natural and probable consequences of his act, to any person injured who is not himself at fault."

Again, in the same opinion we read:

"Such danger cannot be reasonably anticipated from permitting a boy 12 years old to have and use a gun when he is experienced in the use of guns, is acquainted with their construction and the proper mode of carry-

ing, handling and discharging them, and has been careful in their use.''

The court in the case cited held that the trial court should have directed a verdict.

In the case at bar the defendant Cecil Rippen was at least 16 years old, was familiar with the use of firearms, and had owned and used a rifle at the age of 9 years. We are of the opinion that the trial court should have directed a verdict for the adult defendants.

2. We now consider the second assignment of error. It appears to be the established doctrine that a trial court exceeds its powers when, upon motion for a new trial, it sets aside a verdict, in whole or in part, and enters a final judgment without such trial. As a general rule, this doctrine is a wise one, although cases may arise in which it produces unsatisfactory results. The case at bar is a striking example of the embarrassment to which it may lead. The court below should have directed a verdict for the defendants Phillip and Cecelia Rippen. If the cause were to be sent back for a new trial, the result must necessarily be the same. A new trial would be an obviously futile thing. When it appears that justice has been done and that a new trial would result in the same judgment, the action of the lower court will not be reversed for erroneous rulings.

The judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BURNETT concur.