Argued October 12, reversed October 26, 1960

MEYERS *v.* OASIS SANITORIUM, INC., ET AL
356 P. 2d 159

*Bartlett F. Cole,* Portland, argued the cause and submitted a brief for appellants.

*Harlow F. Lenon,* Portland, argued the cause for respondent. On the brief were Don S. Willner and Lenon & Willner, Portland.

Before McALLISTER, Chief Justice and WARNER, PERRY, SLOAN, O'CONNELL, GOODWIN and HOWELL, Justices.

GOODWIN, J.

Oasis Sanitarium, Inc., appeals from a judgment for the plaintiff for personal injuries.

After the entry of judgment and prior to the filing of the respondent's brief the plaintiff died, and Lillian Meyers, Administratrix, was substituted as respondent. In this opinion, the plaintiff will be referred to as Mrs. Harriman.

Mrs. Harriman was employed by Oasis to cook, clean, and work as a practical nurse. Oasis operates a geriatrics home. It consists of a main building and an auxiliary building 50 feet away, in which some of the Oasis employes reside.

On January 13, 1958, Mrs. Harriman was sent by her employer to the auxiliary building to do cleaning work. She was directed to the basement to obtain a supply of detergent for her use in mopping a kitchen floor. She did so. The kitchen had about 150 square feet of floor area. The floor was covered with ordinary linoleum. Four or five rolls of floor covering which had been taken up from an adjoining room were standing on end in one corner of the kitchen. The rolls were of varying sizes. It was planned to remove them at some future time to the rear of the house, where they would be carried away with the garbage. Except for the presence of these rolls, the kitchen was an ordinary household kitchen.

Mrs. Harriman testified that she began to mop by first pouring part of a cupful of detergent on the floor and then pouring warm water on the area to be mopped. As she pushed her mop forward, it bumped into one of the rolls of floor covering, which in turn slid forward slightly and away from Mrs. Harriman. She lost her footing and fell to one knee, sustaining a painful bruise and other injuries to the knee.

Her complaint alleged that the defendants were negligent in failing to provide safe working conditions. She alleged in particular that the detergent supplied for her use was extraordinarily slippery and that the standing rolls of floor covering on the kitchen floor constituted a hazardous condition. She also complained of a failure to warn.

Oasis denied negligence and affirmatively alleged contributory negligence and assumption of risk. The trial took two days. Oasis moved both for a judgment of involuntary nonsuit and for a directed verdict. The sufficiency of the evidence to justify submission of the cause to the jury was again challenged by a motion to withdraw each of the specifications of negligence alleged in the complaint.

While none of the seven assignments of error comply with Rule 19 (formerly Rule 16), which requires each assignment of error to be separately stated except when several assignments present the same legal question, we will take notice of an attempt to assign error to the submission of the specifications of negligence to the jury. Assignment of error No. 7 describes the motion and the ruling of the trial court. The transcript reveals that proper and timely motion was made to withdraw each of the specifications of negligence and that the motion was overruled. The

case should be decided on its merits, even though the brief leaves much to be desired.

■ We have examined the record with care, and have been unable to find any evidence of negligence on the part of Oasis. The plaintiff's best evidence with reference to the nature of the detergent admittedly furnished for her use by Oasis was Mrs. Harriman's assertion that it was "very slippery" and that it was "the strongest." Mrs. Harriman testified that the product hurt her hands. She contends that it necessarily follows that a jury could infer that a caustic detergent is more slippery than a mild soap. Even if such a theory were demonstrable, there is nothing in the record to support it.

The motion to withdraw the specifications of negligence should have been granted. Nowhere in the evidence does it appear that there was anything unusual about the cleaning compound. The plaintiff's evidence established only that the detergent made the floor slippery. There was no evidence that any other kind of soap would have been less slippery. The defendant's evidence adds little to our knowledge of the composition of the cleanser used. The defense witnesses who described the detergent all said that it was an ordinary household cleaning compound used for dishes, laundry, and mopping the floor. While there was some doubt about the trade name under which the product was sold, there was no evidence that the compound was anything but an ordinary household cleanser, purchased in bulk by Oasis and kept in a barrel in the basement.

The plaintiff attempts to overcome her failure of proof of negligence in supplying the cleaning compound by asserting that the combination of the slippery floor and the rolls of floor covering standing thereon

combined to make the kitchen an unsafe place in which to work. The evidence failed to show that there was any negligence in asking Mrs. Harriman to mop around the materials left in the kitchen. The mechanics of the accident would have been the same had Mrs. Harriman bumped her mop against a mop bucket or a chair. She fell down because she lost her footing on the slippery floor.

■ There was no duty to warn the plaintiff of the obvious. It is a matter of common knowledge that a linoleum floor becomes slippery while it is being mopped.

■ The plaintiff contends that a jury may find that one who has his floor mopped by another is negligent merely because he furnishes a common household detergent which makes the floor slippery. Such a result would make the employer an absolute insurer. The mere happening of an accident does not mean that the defendant was negligent. *Wood v. Southern Pacific Co.*, 216 Or 61, 337 P2d 779; *Ritchie v. Thomas et al,* 190 Or 95, 114, 224 P2d 543. The plaintiff failed to produce any evidence of a breach of any duty owed to her.

■ There being no evidence of negligence on the part of Oasis, there is no need to dwell upon the numerous assignments of error relating to rulings by the trial court on other defenses which were tendered. A further attempt to assign error to the refusal to enter judgment n.o.v. is also disregarded. Refusal to enter judgment n.o.v. is not appealable. ORS 19.010; *In re Sneddon,* 74 Or 586, 591, 144 P 676. Error should have been assigned to the refusal to direct the verdict.

Reversed.