Argued September 8, 1966, reversed and remanded
March 22, 1967

GERMAN, *Appellant, v.* KIENOW'S  FOOD
STORES, *Respondent.*
425 P. 2d 523

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Levin & Wilson, Portland.

*James F. Spiekerman,* Portland, argued the cause for respondent. With him on the brief were Gordon Moore and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

Plaintiff appeals a judgment for the defendant in an action for damages sustained when her foot slipped on a grape and she fell to the floor of the produce department of a supermarket.

■ The trial court granted the defendant's motion for a judgment notwithstanding the verdict, even though the defendant had failed during the trial to move for a directed verdict. The error in so ruling is

manifest. ORS 18.140(1) ;[1] *Merritt v. S.I.A.C.*, 235 Or 121, 384 P2d 140 (1963). The issue here concerns the consequences of such an error.

The defendant did challenge the sufficiency of the plaintiff's evidence by a timely motion for a judgment of involuntary nonsuit, but that motion was overruled. As will be seen, that ruling was in error. The defendant thereupon rested without putting on evidence. Defendant, upon resting, should have moved for a directed verdict as required by ORS 18.140 if it wanted to preserve the point for a motion after the verdict. Defendant failed to make such a motion, and the case went to the jury. The jury returned a verdict for the plaintiff, and the defendant moved the court to set aside that verdict and to enter a judgment for defendant. The defendant also moved, in the event its motion for judgment n.o.v. was denied, for a new trial under ORS 17.610(7), calling attention to the earlier error in denying the nonsuit. The alternative motion, which would have been well taken, was never ruled upon, despite the requirement of ORS 18.140(3) that the court record its ruling even though it grants judgment n.o.v.

■■ There was no evidence that the defendant had placed the grape on the floor, or had knowledge that the grape was on the floor, or had allowed the floor to remain unclean for any appreciable time. There was thus no evidence of a want of due care in keeping the floor clean. We have not yet adopted the rule of *res ipsa loquitur* in "slip and fall" cases, and it is still necessary to supply some proof of fault. Under

---

[1] ORS 18.140(1). "* * * [W]hen a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict * * *."

our decisions, therefore, the motion for a judgment of involuntary nonsuit should have been allowed. By the same rules, moreover, a motion for a directed verdict, if one had been made, would have been well taken. *George v. Erickson's Supermarket, Inc.*, 236 Or 64, 386 P2d 801 (1963); *Cowden v. Earley et al*, 214 Or 384, 327 P2d 1109 (1958).

■ The court allowed the motion for the judgment n.o.v., apparently upon the mistaken ground that there had been a motion for a directed verdict. This mistake was undoubtedly the product of a misreading of the record by the defendant. The court was correct, however, in its view that there had been no evidence of negligence. (Since the defendant had put on no evidence, the plaintiff's failure of proof had not been cured by the defendant's evidence.) But the granting of the judgment n.o.v. was error, because the record then made entitled the defendant only to a new trial, not to a judgment in bar. A trial court has much greater authority to grant a new trial under ORS 17.610 than it has to grant a judgment notwithstanding a verdict under ORS 18.140. See *Strandholm v. General Const. Co.*, 235 Or 145, 382 P2d 843 (1963).

■■ In *Merritt v. S.I.A.C.*, supra, we said that ORS 18.140 makes the motion for a directed verdict a prerequisite to a motion for a judgment notwithstanding the verdict. In that case there had been no motion for a judgment of involuntary nonsuit, and the trial court therefore had not been called upon to pass upon the sufficiency of the evidence in any manner. In any event, since the motion for judgment notwithstanding the verdict had been denied, it presented nothing to review upon appeal. When the motion for a judgment n.o.v. has been allowed, the ruling properly can be assigned as error. When the judgment notwithstand-

ing the verdict has been refused, any challenge to the sufficiency of the evidence must have been preserved by a motion for a directed verdict made prior to the submission of the case to the jury. *Clarizo v. Spada Distributing Co., Inc.*, 231 Or 516, 373 P2d 689 (1962); *Meyers v. Oasis Sanitarium*, 224 Or 414, 418, 356 P2d 159 (1960).

In *Carey v. Leonard*, 235 Or 107, 383 P2d 1011 (1963), the defendant had failed to move for a directed verdict, and again we said that the denial of a motion for a judgment notwithstanding the verdict presented no question for review on appeal.

We have held that, while the practice is not one to be commended, a requested instruction to return a verdict for the defendant can be treated, for the purposes of satisfying ORS 18.140, as a motion for a directed verdict. *Becker v. Pearson*, 241 Or 215, 405 P2d 534 (1965). But we have also noted that a motion for a judgment of involuntary nonsuit does not take the place of a motion for a directed verdict. *Clarizo v. Spada Distributing Co., Inc.*, supra; *Barr v. Linnton Plywood Ass'n*, 223 Or 541, 543, 352 P2d 596, 355 P2d 256 (1960). The distinction is that one motion forces the trial court to make a ruling that results in a judgment in bar, while the other does not. ORS 18.250.

In the case at bar, the trial court entered a judgment n.o.v. (judgment in bar), when it should have entered a nonsuit, or, failing that, on defendant's alternative motion an order granting a new trial. Now the plaintiff is contending that, because of the defendant's errors with respect to motions during and after trial, she should carry off the fruits of a verdict that is wholly unsupported by evidence.

The defendant has further complicated the problem by not assigning error in its brief to the trial

court's failure to enter the proper order below. ORS 19.130(2) provides:

> "Where in the trial court a motion for judgment notwithstanding the verdict and a motion for a new trial were made in the alternative, and an appeal is taken from a judgment notwithstanding the verdict or an order granting a new trial, the Supreme Court may consider the correctness of the ruling of the trial court on either or both motions if such ruling is assigned as erroneous in the brief of any party affected by the appeal, without the necessity of a cross-appeal."

As noted in *Bonnevier et ux v. Dairy Coop. Ass'n,* 227 Or 123, 361 P2d 262 (1961), ORS 19.130(2) is usually employed to permit a defendant who has prevailed on his alternative motion for a new trial to seek review if he thinks the trial court erred in not granting the more desirable (from the defendant's viewpoint, remedy of a judgment n.o.v. The statute does not spell out the procedure to follow in the less frequent situation such as we have in the case at bar. Here, the trial court should have reached and ruled upon the alternative remedy of a new trial even though it had granted the more drastic remedy, the judgment n.o.v. There has not been, strictly speaking, a ruling made on the alternative motion. The court should have ruled, although under ORS 17.615 a trial court's failure or refusal to rule upon a motion for a new trial is deemed a denial thereof. In any event, the defendant should have preserved in its brief an alternative assignment of error in case this court should hold, as we do hold, that it was error to grant the judgment n.o.v. The ultimate question is what now should be the consequences of the defendant's oversight.

■ Both parties are contending for more relief than that to which they are entitled. The plaintiff would have us hold that, because of the defendant's failure to brief the new-trial point as a special assignment of error, the defendant should be required to pay a judgment wholly unsupported by evidence. The defendant, on the other hand, seeks to excuse its omissions by saying that the judgment entered below was one which, under Oregon Constitution, Art VII, § 3 (Amended), can be affirmed regardless of error because it is the only judgment justified under the evidence. There is some support for that view. See, e.g., *Rosenwald v. Oregon City Transp. Co.,* 84 Or 15, 31, 163 P 831, 164 P 189 (1917), where the opinion on rehearing entered a belated nonsuit in this court; *Herndobler v. Rippen,* 75 Or 22, 146 P 140 (1915), where it was error to grant a judgment n.o.v. when only a new trial had been requested, but final judgment was nonetheless affirmed in this court because it was plain that new proof could not be had to get the case to the jury.

To enter such a judgment in this court as prayed by the defendant would, however, tax the plaintiff unfairly with costs. We believe the better remedy is to enter the order the trial court should have entered on the defendant's alternative motion, and remand the cause for a new trial.

Reversed and remanded.