Argued April 5, affirmed June 1, 1972

STREET ET UX, *Appellants, v.* BATE PLYWOOD
COMPANY, INC., *Respondent.*

497 P2d 859

*Lee M. Zittenfield,* Portland, argued the cause for

appellants. With him on the brief were Lekas, Dicey & Marandas, Portland.

*Donald F. Myrick,* Grants Pass, argued the cause for respondent. On the brief were Donald H. Coulter, and Myrick, Coulter, Seagraves & Nealy, Grants Pass.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

This is an appeal of two consolidated cases between the same parties based on a contract and an alleged timber trespass which occurred following the years 1955 and 1957. Plaintiffs contend the only question on appeal is whether "the court erred in denying plaintiffs' motions to set aside orders of dismissal as said orders were based on erroneous assumptions which were pointed out to the trial court."

A review of the pleadings and record establishes the history of this litigation extending over a period of sixteen years:

I.  On August 29, 1955, plaintiffs filed an action for timber trespass. Defendant answered on November 8, 1955, and the case came to trial on April 26, 1956. The trial court held that the written agreement between the parties was not ambiguous and if there was a mistake, an action for reformation by suit in equity would be proper. On April 26, 1956, plaintiffs took a voluntary nonsuit.

II.  On July 2, 1956, plaintiffs filed a suit in equity to reform said written agreement. On November 12, 1957, plaintiffs took a voluntary nonsuit.

III.  On November 12, 1957, plaintiffs filed a third

action, similar to their first action, for trespass to timber. Defendant filed an answer and counterclaim on February 14, 1958. After the court gave notice that the action would be dismissed on January 4, 1960, for want of prosecution, plaintiffs filed a reply on December 31, 1959. The case was set for trial on April 26, 1960. Plaintiffs changed counsel and the case was continued. Trial was reset for January 26, 1961, but it was again continued for convenience of plaintiffs' counsel.

On August 17, 1961, plaintiffs amended their pleading to reassert their right to reform the written agreement. After written stipulation to remove the case from the trial docket and further pleadings and rulings thereon, the circuit judge gave written notice, on July 8, 1965, of his intention to dismiss for want of prosecution unless good cause were shown to continue. There being no resistance to the notice to both counsel, the cause was dismissed by written order dated September 9, 1965.

IV.  On September 6, 1966, plaintiffs filed their fourth suit against the defendant, seeking reformation of the written agreement and multiple trespass damages for the sum of $9,000. Following preliminary pleading matters, defendant answered on June 1, 1967. Plaintiffs stipulated in writing for the removal of their attorney on July 19, 1967. The order approving removal of counsel gave plaintiffs fourteen days to substitute counsel. On November 17, 1967, plaintiffs filed a document in propria persona entitled "Motion for Withdrawal of Suit," which was treated by the court as a motion for voluntary nonsuit. An order granting the motion was entered on November 24, 1967, and signed by Judge Kelly.

V.    Also, on September 13, 1967, plaintiffs, in propria persona, filed their fifth circuit court suit and *one of the two cases consolidated for appeal* against the defendant, seeking a declaratory judgment on the original written agreement and multiple damages. After numerous pleadings on both sides, plaintiffs filed, on February 13, 1969, their fifth "reamended" complaint.

The case lay dormant until February 22, 1971, when the court sent a notice to the parties that the cause would be dismissed on the court's motion for want of prosecution unless a good and sufficient showing was made for continuing.

Plaintiffs moved for a judgment by default on April 21, 1971, and defendant moved for a dismissal for want of prosecution on April 23, 1971. The court ordered the case dismissed on April 27, 1971.

VI.    On November 25, 1968, plaintiffs filed their sixth action against the defendant and *one of the two cases consolidated on appeal.* This action sought recovery for the intentional infliction of harm and emotional distress on the plaintiffs and for the intentional infliction of damage upon their property. On December 9, 1968, plaintiffs filed an amended complaint and on January 27, 1969, they filed their first "reamended" complaint. The case lay dormant until February 24, 1971, when the court sent a notice to the parties that the case would be dismissed for want of prosecution on the court's motion unless a good and sufficient showing was made for continuing.

On April 21, 1971, plaintiffs filed a motion for judgment by default and on April 23, 1971, defendant filed a motion to dismiss for want of prosecution. On April 27, 1971, the court entered an order dismissing the case.

No appeal was taken from the orders dismissing plaintiffs' cases. The plaintiffs waited until September 13, 1971, and then filed their motions to set aside the orders of dismissal, claiming mistake, relying on ORS 18.160, which provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In its orders dismissing the cases, dated April 27, 1971, the court said:

"* * * It appears to the Court therefore that *the next pleading required would be that of the plaintiffs* and the motion for default is not appropriate and will be disallowed, and the plaintiffs having failed to show good and sufficient cause for continuance of the case, it is hereby

"ORDERED that the above entitled motion for default be and the same is hereby denied, and that the above entitled case [cases] be and the same hereby is [are] dismissed." (Emphasis supplied.)

Plaintiffs, in their motions to set aside the orders of dismissal, pointed out to the court that the defendant, not the plaintiffs, would have been the next to plead.

On October 18, 1971, the court denied plaintiffs' motions to set aside the orders dismissing plaintiffs' cases and acknowledged its error and stated:

"The records of the Josephine County Circuit Court disclose that there is a history of litigation between the plaintiffs and the defendant which covers a span of over sixteen years and that the identical litigation has been dismissed on four separate occasions, either on voluntary nonsuits or for want of prosecution. It is this Court's opinion that

to allow this case to continue would be to encourage vexacious [sic] litigation.

"The plaintiffs have on several occasions been presented the opportunity to have their day in Court but have by their own fault failed to see the litigation through to a final conclusion. The undisputed affidavits of the defendant sets forth that witnesses are dead or their whereabouts are unknown. For these reasons it is the Court's opinion that the order of dismissal should not be set aside but that the recitals set forth therein be corrected and the matter terminated. Therefore, it is hereby

"ORDERED that plaintiffs' motion to set aside the dismissal be and the same hereby is denied."

Although the court's order of April 27, 1971, mistakenly stated that "the next pleading required would be that of the plaintiffs," the orders did dismiss both of plaintiffs' cases for want of prosecution after more than sixty days' written notice to all parties.

■ The orders of dismissal were appealable orders. ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.
"* * * * *."

ORS 19.026 provides that notice of appeal shall be served and filed within thirty days.

The face of the orders dismissing the two cases discloses that copies of the orders were mailed to plaintiffs at 4095 Cheney Creek Road, Grants Pass, Oregon. "The general rule is that a final determination

of any proceeding before a court of record is a judgment or decree." *In re Sneddon,* 74 Or 586, 589, 144 P 676 (1915).

> "* * * [T]he practice in vogue in this state * * * regards as the judgment the first order containing all of the necessary recitals which, with finality, disposes of the cause. Thus, unnecessary delay and useless entries are avoided. Likewise, the day is hastened when the prospective appellant must give his notice of appeal or forego [sic] that privilege." *Cockrum v. Graham,* 143 Or 233, 246-47, 21 P2d 1084 (1933).

■ The plaintiffs let their time for appeal elapse and then attempted to appeal to this court pursuant to ORS 18.160. This statute has no application in the present case. The court's orders dismissing the cases were not "taken against him [plaintiffs] through his [plaintiffs] mistake, inadvertence, surprise or excusable neglect."

The appeal is dismissed.

TONGUE, J., concurs in the result.