Argued July 13, affirmed September 12, 1978

DAVIS, *Appellant,*
*v.*
DuBOSCH et ux, *Respondents.*
(No. A 77 07 09631, SC 25504)
583 P2d 1133

Terry G. Hannon, of Pattullo, Gleason, Scarborough, Trammell & Hannon, Portland, argued the cause and filed a brief for appellant.

Ridgway K. Foley, Jr., Portland, argued the cause

for respondents. With him on the brief were James F. Spiekerman, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Holman, Presiding Justice, and Howell, Lent, and Linde, Justices.

HOWELL, J.

## HOWELL, J.

Plaintiff, personal representative of his son's estate, filed this action to recover damages for wrongful death. The defendants are the parents of a minor son who allegedly caused the automobile accident resulting in the death of plaintiff's son. The trial court sustained a demurrer to the complaint on the grounds the complaint failed to state a cause of action. Plaintiff refused to plead over and appeals from the judgment entered for defendants. We affirm.

The plaintiff's complaint alleged in pertinent part:

"                              I

"* * * Defendants are the parents of Richard D. DuBosch, who at all times relevant herein resided at home with his parents. Defendants provided employment, food, lodging and financial support to Richard D. DuBosch and had exclusive control over the raising of their minor son.

"                             II

"Richard D. DuBosch starting at age fourteen as a freshman in high school and continuing for approximately two and one-half years up to and including September 25, 1976, had regularly consumed alcoholic beverages. Defendants knew, or should have known, in the exercise of parental control, that their son consumed alcoholic beverages and that their son was regularly driving his automobile after consuming alcoholic beverages.

"                             III

"On September 25, 1976, Richard D. DuBosch, starting at the home of the defendants and later at three different keg parties, consumed a large quantity of beer, became intoxicated and while intoxicated on September 26, 1976 drove his vehicle at an excessive rate of speed and in a reckless manner Northerly on S.E. 39th Avenue, and at the intersection of S.E. Tolman struck plaintiff decedent's vehicle causing the injury and death of William J. Davis.

"                             IV

"The direct and proximate cause of the collision between the vehicles indicated in Paragraph III above

[ 365 ]

and the injury, death and damages as hereinafter alleged was the negligence of the defendants in one or more of the following particulars:

"1. Failing to exercise their parental control to prevent their son from intentionally or negligently harming others when they knew, or should have known, of their son's propensities to consume alcoholic beverages and drive under the influence of those intoxicants.

"2. Failing to exercise the care which a reasonable parent should exercise to prevent their child from creating an unreasonable risk of harm to third persons.

"3. Failing to adopt reasonable measures to control the use of their son's automobile after drinking.

"4. Failing to control their son's unlawful drinking.
"* * * * *"

At common law a parent is not liable for the torts of the child unless the parent directed or ratified the act, took the benefit of it, or the child acted as a servant of the parent. *Herndobler v. Rippen,* 75 Or 22, 146 P 140 (1915); Harper & James, The Law of Torts 660, § 8.13.

Plaintiff states that he does not rely on negligent entrustment, the family purpose doctrine, parental responsibility for a child's wilful torts, or respondeat superior. "The theory of plaintiff's case is that the defendants, as parents, failed to exercise that care expected of a reasonable parent to attempt to prevent their child from creating an unreasonable risk of harm to the public."

Plaintiff has not cited any cases discussing the liability of a parent for failure to control a minor child who drinks and then negligently injures another with his automobile.[1]

Plaintiff relies on 2 Restatement (Second) 123-24, Torts § 316 (1965), which states:

---

[1] Plaintiff cites decisions relating to intentional torts committed by a minor child, e.g., *Hoverson v. Noker,* 60 Wis 511, 19 NW 382 (1885) (children shooting to frighten horse), and cases involving negligent entrustment, e.g., *Hagerty v. Powers,* 66 Cal 368, 5 P 622 (1884) (father permitted small child to have loaded gun); *Ryley v. Lafferty,* 45 F2d 641 (D Idaho 1930) (beating another child).

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

"(a) knows or has reason to know that he has the ability to control his child, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

It is not necessary in this case for us to consider a re-examination of the common law general rule that a parent is not liable for the negligent acts of a minor child, because we do not believe that the plaintiff's complaint alleges a cause of action.

The complaint alleged the defendants failed (1) to prevent their son from negligently harming another; (2) to prevent the child from creating an unreasonable risk of harm to third persons; (3) to adopt measures to control use of the automobile after drinking; and (4) to control the drinking. The complaint does not allege the defendants had knowledge of their ability to control their child and does not allege the defendants had knowledge of the necessity and the opportunity for exercising such control. The defendant's duty, under the Restatement, is only to exercise such ability to control as he has at the time when he has the opportunity to exercise it and knows of the necessity of so doing. 2 Restatement (Second), supra, comment b. As the complaint fails to allege facts bringing it within the rule of § 316 of the Restatement, the demurrer was properly sustained.[2]

Affirmed.

---

[2] As mentioned, the plaintiff relies on the Restatement as applicable to the facts in the instant case. We are not expressing any opinion as to whether or not § 316 is applicable; we only decide that the complaint is insufficient to bring it within the rule of the Restatement.