Argued and submitted September 25, 1981, affirmed February 22, reconsideration denied April 1, petition for review denied May 18, 1982 (293 Or 146)

DODGE et al,
*Appellants,*

*v.*

PAYNE et al,
*Respondents.*

(No. 78-4-153, CA A20380)

641 P2d 57

Jeffrey B. Wihtol, Portland, argued the cause for appellants. With him on the briefs was Morrison, Dunn, Cohen, Miller & Carney, Portland.

Ralph Bolliger, Portland, argued the cause for respondents Frederick J. Payne, Jr., and Clifford R.

Sapienza. With him on the brief were John L. Groh and Bolliger, Hampton & Tarlow, Portland.

James M. Coleman, City Attorney, Lake Oswego, waived appearance for respondent City of Lake Oswego.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

This case has been before us once before. *Brigham v. Payne,* 45 Or App 847, 609 P2d 870 (1980). In our prior opinion, we reversed a judgment for plaintiffs without specifying whether our decision concerned solely the plaintiffs' second cause of action (which was the only matter specifically before us on appeal) or both plaintiffs' causes of action. On remand, the trial court concluded that our judgment and mandate required entry of judgment for defendant on both causes and entered judgment accordingly. Plaintiffs[1] appeal. We affirm.

Plaintiffs are the owners of certain of lots 1-12 of the Lake Garden Subdivision in Lake Oswego, Oregon. Lot 13 of that subdivision is the parcel in issue in this proceeding. Defendants are the City of Lake Oswego and the record owners of Lot 13, whose title derives from a tax foreclosure decree entered in 1966. The defendant owners desire to build a single family residence upon Lot 13, which remains undeveloped and has been used for park and recreational purposes by the public since 1959.

Plaintiffs commenced their original action in 1978. In their first cause of action, they set forth five counts, alleging various bases for claiming recreational easements on Lot 13. In their second cause of action, they in effect collaterally attacked the validity of the tax foreclosure decree, contending that Lot 13 had been impliedly dedicated as a city park and that defendants' title was defective. Prior to trial, they filed a motion for partial summary judgment, on their second cause of action only. Defendants filed a motion for summary judgment on their answer and counterclaim for damages. Following a hearing on the motions, the trial court granted plaintiffs' motion for partial summary judgment on the second cause of action. At the same time, the trial court dismissed plaintiffs' first cause of action. In its order, in language submitted to it by counsel for plaintiffs, the court stated that:

> "* * * the granting of plaintiffs' second cause of action of their first amended complaint constitutes a final determination of all claims in this matter, the counterclaim of

---

[1] For simplicity, "plaintiffs" are referred to as a single group. In fact, not all the original parties plaintiffs are pursuing this appeal.

defendants Payne and Sapienza and any and all of the remaining claims of plaintiffs and defendants are dismissed, and defendants shall take nothing."

Defendants appealed. Plaintiffs did not cross-appeal. Neither party made mention, on that first appeal, of the cause of action which had been dismissed. We reversed and remanded to the trial court for entry of judgment for defendants. Our opinion stated:

"* * * Defendants' title derives from a tax foreclosure decree entered in 1966. The two-year statute of limitations for a collateral attack on that decree expired nearly 10 years prior to the filing of this lawsuit. ORS 321.230. The tax foreclosure decree is conclusive as to plaintiffs, who are private individuals. *See Chizek v. Port of Newport,* 252 Or 570, 578, 450 P2d 749 (1969). Judgment should be entered for defendants. Or Const, Art VII, § 3.

"Reversed and remanded." *Brigham v. Payne, supra,* 45 Or App at 849.

On July 26, 1980, we issued our judgment and mandate. No activity occurred thereafter in the trial court until January 20, 1981, when plaintiffs' counsel wrote to the trial court requesting that the first cause of action be set for trial. Shortly thereafter, on February 2, 1981, defendants filed a judgment on the mandate purporting to grant them judgment on the first cause of action as well as the second cause of action. Plaintiffs filed their objection to the defendants' judgment on mandate on February 4, 1981, but the trial court entered judgment for defendants as to both causes of action. The present appeal followed.

Plaintiffs argue that the trial court should not have entered judgment for defendants on the first cause of action because this Court's earlier opinion pertained only to the *second* cause of action, holding that plaintiffs did not contest defendants' *title* to Lot 13 within the time period established by the statute of limitations. They are correct. Our earlier opinion did not deal with plaintiffs' first cause of action which alleged that, notwithstanding defendants' title to the land, plaintiffs held recreational easements on it.

Defendants respond, however, that plaintiffs are barred by *res judicata* from contesting the trial court's entry of judgment for defendants on the first cause of

action. They claim that plaintiffs should have contested the dismissal of that cause of action by taking a cross-appeal when defendants appealed the granting of partial summary judgment on the second cause of action.

The precise issue presented to us is this: Where a plaintiff seeks relief by two alternative causes of action and obtains full relief under one (with the other being dismissed as a consequence), and the defendant appeals the judgment against him but the plaintiff does not cross-appeal or otherwise call the appellate court's attention to the dismissed cause, may that cause be revived after the plaintiff's judgment on the other cause of action is reversed? We conclude that it may not.

The only statutory provision related to the present problem is ORS 19.130(2), which provides:

> "Where in the trial court a motion for judgment notwithstanding the verdict and a motion for a new trial were made in the alternative, and an appeal is taken from a judgment notwithstanding the verdict or an order granting a new trial, the court to which the appeal is made may consider the correctness of the ruling of the trial court *on either or both motions* if such ruling is assigned as erroneous in the brief of any party affected by the appeal, *without the necessity of a cross-appeal.*" (Emphasis supplied.)

As its language indicates, this provision is a narrow one, focusing on a single ground for appeal. Its relief from the requirement of a cross-appeal is very limited. *See Bella v. Aurora Air, Inc.,* 279 Or 13, 19, 566 P2d 489 (1977); *German v. Kienow's Food Stores,* 246 Or 334, 425 P2d 523 (1967); *see also, Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972) (to take advantage of privilege extended by ORS 19.130(2), alternative claim of trial court error must be asserted in brief, albeit not necessarily raised as a cross-appeal).

The present case is entirely different from the limited circumstances referred to by ORS 19.130(2). Here, plaintiffs are attempting to revive an entirely different theory of liability. The theory would not support the former trial court judgment; it would, if successful, require a different sort of decree. To preserve this kind of claim, a cross-appeal was necessary.

It follows from the foregoing that the trial court's *original* judgment and decree with respect to plaintiffs' first cause of action is binding. The reference to that cause in the later judgment entered upon our mandate was surplusage.

The judgment of the trial court is affirmed.