112 March 19, 2025 No. 236

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Annette FISK,
*Plaintiff-Appellant,*
*v.*

FRED MEYER STORES, INC.,
an Ohio corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
21CV19744; A182350

Eric L. Dahlin, Judge.

Argued and submitted February 7, 2025.

Willard E. Merkel argued the cause for appellant. Also on the briefs was Merkel & Associates. Also on the reply brief was Merkel & Conner, LLC.

Sara Kobak argued the cause for respondent. Also on the brief were Mario Delegato, Audrey Davis, and Schwabe, Williamson & Wyatt, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

### JACQUOT, J.

In this premises liability case, plaintiff appeals from a judgment for defendant Fred Meyer Stores, Inc., contending that the trial court erred in declining to give a requested instruction concerning *res ipsa loquitur*, and also erred in admitting the testimony of plaintiff's treating physician explaining why he had referred plaintiff to a different physician—because the Oregon Board of Medical Examiners had required him to change his practice status to "emeritus," which meant that he could not charge patients for services. Plaintiff concedes that we need to address the evidentiary issue only if we agree with plaintiff on the instruction issue. We conclude that the trial court did not err and therefore affirm.

Plaintiff brought this negligence action against defendant alleging that she was injured when, as she walked out of defendant's Wood Village store while leaving a voicemail message on her cell phone, she slipped on a three-foot by five-foot laminated plastic sign, which had fallen from its stand onto the public walkway. Plaintiff alleged that she was injured when she slipped on the sign, causing her right foot to slip from underneath her, and her left knee, hand, and shoulder to hit the ground. Plaintiff alleged that defendant was negligent in securing the sign, in failing to discover that the sign was on the ground, in failing to barricade the area, and in failing to monitor the public entryway of the store. Plaintiff sought damages for medical bills of $395,169.02 for three back surgeries and other medical treatments, and for future projected medical bills of $60,000, and sought non-economic damages of $1,000,000.

The sign belonged to defendant's Starbucks concession, which was inside defendant's store. The Starbucks is run by defendant's employees. It is undisputed that defendant's employees did not place the sign on the ground and did not know that it had fallen out of its frame. Plaintiff did not assert that defendant had constructive knowledge that the sign was on the ground.

Plaintiff conceded below that *res ipsa loquitur* does not apply to typical slip-and-fall claims, which typically involve substances on a floor that might have been handled

by customers. But plaintiff distinguished this claim from those, arguing that plaintiff's claim was more in the nature of a "standard" "conditions" claim, because the sign was not a substance or thing normally handled by a customer and was within defendant's exclusive control. Plaintiff requested a uniform jury instruction on *res ipsa loquitur*, contending that the evidence was sufficient to give the jury a rational basis to find that it was more probable than not that defendant's failure to exercise reasonable care was the cause of the accident.[1] The requested *res ipsa loquitur* instruction stated:

> "The law assumes that all persons have obeyed the law and have been free from negligence.
>
> "However, you may find that the defendant was negligent if you find that the incident that caused damage to the plaintiff is one that, in the normal course of events, would not have occurred unless the defendant was negligent."

---

[1] We recently discussed *res ipsa loquitur* in *Jackson v. KA-3 Associates, LLC*, 331 Or App 574, 546 P3d 950, *rev allowed*, 373 Or 81, 546 P3d 950 (2024):

> "In the absence of evidence of negligence or the exact cause of an accident, a factfinder can infer negligence and causation under *res ipsa loquitur*, a rule of circumstantial evidence, if the 'accident is of a kind which ordinarily would not have occurred in the absence of the defendant's negligence, even though it is impossible to determine the specific way in which the defendant was negligent.' [*Hagler v. Coastal Farm Holdings, Inc.*, 354 Or 132, 146, 309 P3d 1073 (2013)]. The plaintiff bears the burden of submitting evidence that the plaintiff's injury is of the sort that, more likely than not, was caused by negligence on the part of the defendant and therefore is entitled to an inference of negligence under *res ipsa loquitur*. *Id*. Whether a reasonable juror could draw such an inference is an issue of law to be determined by the court. *Fieux v. Cardiovascular & Thoracic Clinic, P.C.*, 159 Or App 637, 640, 978 P2d 429, *rev den*, 329 Or 318 (1999).

> "In *Ritchie v. Thomas et al.*, 190 Or 95, 114, 224 P2d 543 (1950), the court explained that *res ipsa loquitur* is a rule of evidence that allows an inference of negligence, rather than a presumption, under certain limited circumstances:

> > "'[T]he fact of injury alone does not raise an inference of negligence. An inference of negligence may arise only when injury is caused by an instrumentality which is under the control and management of the defendant, and when the accident is such as, in the ordinary course of events does not happen, if those who have the management use ordinary care.'"

331 Or App at 582. *See also Kaufman v. Fisher*, 230 Or 626, 636-40, 371 P2d 948 (1962) (describing the question under *res ipsa loquitur* thusly: "Could it have been reasonably found by the jury that the accident which occurred in this case is of a kind which more probable than not would not have occurred in the absence of negligence upon the part of [the defendant]?").

The court declined to give the *res ipsa loquitur* instruction, explaining,

"I don't think it's a situation for *res ipsa* because that would require \*\*\* that the sign and the A-frame be in the exclusive control or almost exclusive control of the Defendant. And being in a public area like that, \*\*\* I don't think there's a basis for that."

Instead, the court gave general instructions relating to premises liability as well as an instruction on slip-and-fall:

"A possessor of premises has a duty to make the premise reasonably safe for an invitee's visit. The possessor must exercise reasonable care to discover any condition that creates an unreasonable risk of harm to the invitee and either eliminate the condition or warn any foreseeable invitee of the risk so the invitee can avoid the harm. If the condition cannot be encountered with reasonable safety, even if the danger was known and appreciated by the invitee, the possessor is obligated to do more than warn. The possessor must take reasonable and feasible steps to eliminate the danger.

"Oregon law does not automatically impose liability against a business for every slip and fall accident that occurs on the premises. The role of the possessor is not that of an insurer against accidents upon the premises, even as to persons who they have invited to appear. Excuse me. Invited to enter. The mere fact that an invitee was injured on the premises does not, by itself, give rise to an inference of negligence.

"In premises liability cases like this one, where the Plaintiff claims to have been injured by slipping on a sign on the ground of the Defendant's store, liability will not attach unless the Defendant had actual or constructive knowledge of the sign on the ground and failed to use reasonable care to remove it.

"To prove the Defendant had knowledge of the sign on the ground the Plaintiff must prove one of three things: (1) the sign was placed on the ground by the Defendant, or (2) the Defendant knew that the sign was there and failed to use reasonable diligence to remove it, or (3) the sign had been on the ground for such a length of time that the Defendant should, by the exercise of reasonable diligence, have discovered it and removed it."

The jury returned a verdict for defendant. On appeal, plaintiff does not assign error to the instructions that the trial court gave or to the trial court's characterization of the claim as involving a slip and fall but argues that the court erred in failing to give plaintiff's requested *res ipsa loquitur* instruction. "As a general rule, parties in a civil action are entitled to jury instructions on their theory of the case if their requested instructions correctly state the law, are based on the current pleadings in the case, and are supported by evidence." *Vandeveere-Pratt v. Portland Habilitation Center*, 242 Or App 554, 557-58, 259 P3d 9 (2011) (internal quotation marks omitted). Plaintiff contends that the evidence at trial supported the giving of the *res ipsa loquitur* instruction and that the trial court erred in reasoning that *res ipsa loquitur* was precluded by the fact that the sign was located in a public area and therefore not within defendant's exclusive control.

Defendant responds, as argued below, that plaintiff's claim is a "slip and fall" claim to which the doctrine of *res ipsa loquitur* does not apply. *See German v. Kienow's Food Stores*, 246 Or 334, 336, 425 P2d 523 (1967) (stating that Oregon has not "yet adopted the rule of *res ipsa loquitur* in 'slip and fall' cases, and it is still necessary to supply some proof of fault"). Defendant argues, further, that it was not defendant's burden to show that the sign was not within defendant's exclusive control but plaintiff's burden to show that the sign and its frame were within defendant's exclusive control, and that she has failed to do that. In her reply brief, plaintiff argues that *res ipsa loquitur* does not depend on the "mechanism of injury," *i.e.*, whether the injury occurred as a result of a slip and fall, but on whether the evidence would allow a finding that the probability of the defendant's negligence is greater than the probability of other causes.

As the trial court correctly instructed, the general rule of premises liability is that possessors of land must "make their property reasonably safe for their invitees." *Hughes v. Wilson*, 345 Or 491, 497, 199 P3d 305 (2008). That duty requires the possessor to exercise due care to discover conditions on the premises that create an unreasonable risk of harm to invitees or warn them of the risk so as to enable

them to avoid the harm. *Woolston v. Wells*, 297 Or 548, 557-58, 687 P2d 144 (1984).

Our caselaw and that of the Supreme Court make clear that slip-and-fall claims involving substances or objects on the floor or ground are simply a subcategory of premises liability to which general premises liability standards apply. *Hagler v. Coastal Farm Holdings, Inc.*, 354 Or 132, 141, 309 P3d 1073 (2013); *Moorehead v. Tri-Met*, 273 Or App 54, 359 P3d 314 (2015), *rev den*, 358 Or 550 (2016) ("We conclude that the distinction plaintiff seeks to draw between 'condition' cases and 'foreign substance' cases is nonexistent."). When a claim involves a substance or object on the floor or ground, the liability of a business owner depends on evidence that the owner knew or should have known about the fallen substance or object. *Hagler*, 354 Or at 142. In the context of a slip-and-fall claim, proof of that liability is captured by the three-factor test described in the caselaw:

> "(a)  That the substance was placed there by the occupant, or
>
> "(b)  That the occupant knew that the substance was there and failed to use reasonable diligence to remove it, or
>
> "(c)  That the foreign substance had been there for such a length of time that the occupant should, by the exercise of reasonable diligence, have discovered and removed it."

*Cowden v. Earley et al*, 214 Or 384, 387, 327 P2d 1109 (1958).

Although reported slip-and-fall cases have most generally involved foreign substances on a floor that cause a person to slip, Oregon courts have also applied slip-and-fall analysis to cases in which an invitee slips on or trips over an object in the aisle of a store. *See, e.g., Lee v. Meier & Frank Co.*, 166 Or 600, 114 P2d 136 (1941) (holding that a customer who had tripped over a pillow in the aisle of a store failed to state a claim against the owner of the store); *see also Hinchman v. UC Market, LLC*, 270 Or App 561, 567 n 3, 348 P3d 328 (2015) (observing that "slip and fall" analysis applied in a claim involving a negligently placed door mat).

We agree with defendant that because plaintiff slipped on an object on the ground, plaintiff's claim is correctly characterized as a slip-and-fall claim. The trial

court's jury instructions therefore correctly described plaintiff's burden. And, as the Supreme Court held in *Kienow's Food Stores*, 246 Or at 336, the trial court correctly held that, because the claim involved a slip and fall, the doctrine of *res ipsa loquitur* did not apply.[2]

But even if plaintiff were correct that *res ipsa loquitur* could apply in the context of this slip-and-fall claim, we would conclude that the trial court did not err in rejecting the requested *res ipsa loquitur* instruction here. That is because, in determining whether to give the requested instruction, it was the trial court's role to determine whether there was evidence from which the jury could find that the accident was of a kind more likely than not attributable to defendant's negligence. *Hammer v. Fred Meyer Stores, Inc.*, 242 Or App 185, 194, 255 P3d 598 (2011) ("'The determination of where the probabilities lie must, ordinarily, be made upon the basis of past experience as it is seen and appraised by the court.'" (quoting *Kaufman*, 230 Or at 639)). As the trial court concluded, a jury could not plausibly have found that it was more probable than not that defendant's failure to exercise reasonable care was the cause of the accident, because there were a number of causes other than defendant's alleged negligence that could have caused the sign to be on the ground and plaintiff to fall. *See Hammer*, 242 Or App at 190-91 ("*Res ipsa loquitur* is a rule of circumstantial evidence that permits a jury to infer both negligence and causation if the harm that occurs is '"of a kind that which more probably than not would not have occurred in the absence of negligence on the part of the defendant"' *McKee Electric Co. v. Carson Oil Co.*, 301 Or 339, 353, 723 P2d 288 (1986) (quoting *Watzig v. Tobin*, 292 Or 645, 649, 642 P2d 651 (1982)).". We conclude, therefore, that the trial court did not err in declining to give plaintiff's requested instruction.

Plaintiff concedes that her second assignment of error, in which she contends that the trial court erred in

---

[2] We do not conclude here that *res ipsa loquitur* could never apply to a claim in which a business invitee slips and falls in the defendant's premises. But application of the presumption of res *ipsa loquitur* to a claim like plaintiff's, where, as here, a business invitee slips on a substance or object on the business owner's floor or ground, is inconsistent with the three-factor inquiry that generally applies to the determination of liability in those types of cases.

admitting testimony of plaintiff's treating physician, is contingent on our acceptance of plaintiff's first assignment of error, and we therefore do not reach it.

Affirmed.